UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:09-cv-05641 |
| vs. | ) ) | Judge Robert M. Dow, Jr. |
| ANIXTER INTERNATIONAL INC., et al., | ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF THE INDIANA LABORERS PENSION
FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL BACKGROUND ..........................................................................................1

III. ARGUMENT ....................................................................................................................3

      A.   The Pension Fund Should Be Appointed Lead Plaintiff.........................................3

            1.   This Motion Is Timely ................................................................................4

            2.   The Pension Fund Has the Largest Financial Interest in the Relief
                 Sought by the Class.....................................................................................4

            3.   The Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules
                 of Civil Procedure .......................................................................................4

      B.   The Court Should Approve the Pension Fund's Selection of Counsel....................6

IV.  CONCLUSION..................................................................................................................7

The Indiana Laborers Pension Fund (the "Pension Fund"), respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Lasky & Rifkind, Ltd. as liaison counsel for the class.

## I.     INTRODUCTION

In securities class action lawsuits, the PSLRA requires courts to appoint a "lead plaintiff" to direct the litigation on behalf of the class of injured investors.  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Specifically, the lead plaintiff is the movant that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The Pension Fund not only satisfies the PSLRA's lead plaintiff requirements, it is accustomed to acting as a fiduciary and selecting and directing counsel in actions such as this. Because the Pension Fund believes it has triggered the "most adequate plaintiff" presumption, its motion should be granted.

## II.     FACTUAL BACKGROUND

Presently pending in this district is a class action lawsuit (the "Action") brought on behalf of all persons, other than defendants, who purchased or otherwise acquired the common stock of Anixter International Inc. ("Anixter" or the "Company") between January 29, 2008 and October 20, 2008, inclusive (the "Class Period"), seeking to pursue remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a).

Defendant Anixter describes itself as a "leading global distributor of communication products, electrical and electronic wire & cable, fasteners and other small parts." The Company is a global supplier of communications products used to connect voice, video, data and security systems. It provides electrical and electronic wire and cable, fasteners, and other small components to build, repair and maintain a variety of systems and equipment. The Company's customers include communications service providers, electrical contractors, systems integrators and end-users. Over 55% of the Company's revenues are derived from the supply of communications cable and related components and services to the enterprise (*e.g.*, building, campus, factory) market. Electrical and electronic wire & cable distribution and Original Equipment Manufacturers ("OEMs") industrial component supplies comprise the remainder of volume.

Throughout the Class Period, defendants presented a misleading picture of Anixter's business and prospects. Defendants made numerous materially false and misleading statements that misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them:

- that the Company was in a pricing dispute with one of its OEM customers, which would cost the Company approximately $3 million;

- that the Company was experiencing a decrease in sales in the European and Asian markets due to decreased demand for the Company's products;

- that the Company was experiencing operating margin pressure due to slower sales in its OEM supply business, which traditionally produce higher operating margins; and

- as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

Furthermore, defendants Robert J. Eck, Robert Grubbs and Dennis J. Letham and other Company insiders sold more than 60,000 shares of their personally-held Anixter common stock for gross proceeds totaling almost $4 million.

Defendants' false and misleading statements had the intended effect and caused Anixter common stock to trade at artificially inflated levels throughout the Class Period, reaching as high as $73.81 per share on August 29, 2008. When defendants' prior misrepresentations and fraudulent conduct were disclosed and became apparent to the market at the end of October 2008, the price of Anixter common stock fell precipitously (approximately 40%) as the prior artificial inflation came out. As a result of their purchases of Anixter common stock during the Class Period, plaintiff and the other class members suffered economic loss, *i.e.*, damages, under the federal securities laws.

## III.    ARGUMENT

### A.    The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on September 11, 2009, on *Business Wire* in connection with the filing of the first-filed action. *See* Exhibit B attached to The Indiana Laborers Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Motion").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 3 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund meets each of these requirements and should

therefore be appointed as lead plaintiff.

### 1.    This Motion Is Timely

The notice published in this action informed class members that the deadline to move for

appointment as lead plaintiff was 60 days from September 11, 2009, or November 10, 2009.  *See*

Motion, Ex. B; 15 U.S.C. §78u-4(a)(3)(A).  The Pension Fund has therefore timely filed its motion.

*Id.*  In addition, the Pension Fund has submitted a sworn certification confirming its willingness and

ability to serve as lead plaintiff.  *See* Motion, Ex. C.  Thus, the Pension Fund has complied with the

PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2.    The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund lost in excess of $135,000 due to defendants'

misconduct.  *See* Motion, Ex. C.  To the best of its counsel's knowledge, there are no other

applicants who have sought appointment as lead plaintiff who have a larger financial interest.

Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial

interest.

### 3.    The Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead

plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In selecting the lead plaintiff under the PSLRA,

however, typicality and adequacy of representation are the only relevant considerations."  *In re*

*Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. 2003) (Pallmeyer, J.)

(explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11.

The Pension Fund easily satisfies the typicality and adequacy requirements at this stage. Like all class members, the Pension Fund purchased Anixter common stock during the Class Period at allegedly inflated prices and suffered damages as a result. The Pension Fund's claims are therefore typical of other class members since the claims all arise out of the same course of events. The Pension Fund is not aware of any conflicts between its claims and those asserted by the class. In addition, the Pension Fund's $135,000 loss indicates it has a sufficient incentive to vigorously represent the class's claims. Finally, as discussed below, the Pension Fund selected qualified counsel experienced in securities litigation.

The Pension Fund's common interests shared with the class, its substantial financial interest and its selection of qualified counsel demonstrates that the Pension Fund *prima facie* satisfy the Rule 23 inquiry at this stage.

**B.      The Court Should Approve the Pension Fund's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  The Pension Fund has selected Coughlin Stoia to serve as lead counsel and Lasky & Rifkind as liaison counsel.

Coughlin Stoia, a 190-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation.  *See* Motion, Ex. E.  Coughlin Stoia's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Coughlin Stoia attorneys to lead roles in hundreds of complex class action securities cases.[1]  In addition, Coughlin Stoia attorneys are responsible for attaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the

---

[1]      Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."  *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Coughlin Stoia in *Cardinal Health*, noted that the "quality of representation in this case was superb."  *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Lawyers with Coughlin Stoia are "nationally recognized leaders in complex securities class actions.  The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

10th largest in U.S. history and is still the largest recovery ever in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

The attorneys at Lasky & Rifkind, a litigation boutique law firm with offices in Chicago and New York, represents individual and corporate clients nationwide in a broad range of litigation and arbitration matters including business litigation, class action, and securities arbitration. *See* Motion, Ex. D. The principals of Lasky & Rifkind have successfully tried numerous commercial cases resulting in multimillion dollar awards/settlements.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia and Lasky & Rifkind. *See* Motion, Exs. D & E. Accordingly, the Pension Fund's selection of counsel should be approved.

## IV.    CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court appoint the Pension Fund as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  November 10, 2009                Respectfully submitted,

                                         LASKY & RIFKIND, LTD.
                                         LEIGH R. LASKY
                                         NORMAN RIFKIND
                                         AMELIA S. NEWTON


                                         _____
                                              s/ NORMAN RIFKIND
                                            NORMAN RIFKIND

- 8 -

350 North LaSalle Street, Suite 1320
Chicago, IL  60610
Telephone:  312/634-0057
312/634-0059 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
DEBRA J. WYMAN
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

Document1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 10, 2009.

> s/ NORMAN RIFKIND
> NORMAN RIFKIND
>
> LASKY & RIFKIND, LTD.
> 350 North LaSalle Street, Suite 1320
> Chicago, IL  60610
> Telephone:  312/634-0057
> 312/634-0059 (fax)
> E-mail:  rifkind@laskyrifkind.com

# Mailing Information for a Case 1:09-cv-05641

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David J. Bradford**
  dbradford@jenner.com,docketing@jenner.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com

- **Marc David Sokol**
  msokol@jenner.com,docketing@jenner.com

- **Howard Steven Suskin**
  hsuskin@jenner.com,docketing@jenner.com

- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us

- **Daniel J. Weiss**
  dweiss@jenner.com,docketing@jenner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)