UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANIXTER INTERNATIONAL INC., et al.,<br><br>    Defendants. | No. 1:09-cv-05641<br><br>Judge Robert M. Dow, Jr.<br><br><u>CLASS ACTION</u> |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' EXTRINSIC EVIDENCE ATTACHED TO THEIR MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO CONVERT DEFENDANTS'
MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ..................................................................................................1

II. STANDARD UNDER RULE 12(b)(6) FOR CONSIDERING DOCUMENTS
    ATTACHED TO A MOTION TO DISMISS..................................................................2

III. ARGUMENT ......................................................................................................4

    A.  Defendants' Chart Summarizing the False and Misleading Statements and
        Their Arguments Regarding Those Statements Is Plainly Outside the
        Pleadings and Not Properly Considered on a Motion to Dismiss..........................5

    B.  Defendants' Chart of Insider Stock Activity and Form 4s Proffered to
        Support Competing Inferences Are Not Properly Considered on a Motion
        to Dismiss......................................................................................................6

    C.  Defendants' Stock Price Graph Is Not Properly Considered at This Stage
        of the Litigation..............................................................................................8

    D.  The October 23, 2007 Earnings Conference Call Transcript Was Not
        Referred to in the Complaint and Is Outside the Pleadings ...................................8

    E.  The Court Should Strike Various SEC Filings that Are Not Referred to in
        the Complaint Nor Central to Plaintiff's Claims ....................................................9

    F.  Defendants Improperly Use Materials Referenced in the Complaint...................11

    G.  Should the Court Choose to Consider Any of Defendants' Exhibits from
        Outside the Pleadings, It "Must" Convert Defendants' Motion to Dismiss
        into One for Summary Judgment and Allow Plaintiff to Take Discovery ...........13

IV. CONCLUSION...................................................................................................14

509680_1

## TABLE OF AUTHORITIES

Page

**CASES**

*118 LLC v. Trinity Indus. Inc.*,
  300 F.3d 730 (7th Cir. 2002) ...............................................................................1, 2, 5, 8

*ABN AMRO, Inc. v. Capital Int'l Ltd*,
  No. 04 C 3123, 2007 WL 845046
  (N.D. Ill. Mar. 16, 2007) .......................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................13

*Collins v. Cook County*,
  No. 06 CV 6651, 2008 WL 4925009
  (N.D. Ill. Nov. 14, 2008) .......................................................................................2, 3

*Gas Tech. Inst. v. Rehmat*,
  No. 05 C 2712, 2006 WL 3743576
  (N.D. Ill. Dec. 15, 2006) ........................................................................................3

*GE Capital Corp. v. Lease Resolution Corp.*,
  128 F.3d 1074 (7th Cir. 1997) ...............................................................................3

*George v. Kraft Foods Global, Inc.*,
  __ F. Supp. 2d __, No. 08 C 3799, 2009 WL 4884027
  (N.D. Ill. Dec. 17, 2009) ........................................................................................3, 7, 11, 12

*Hennessy v. Penril Datacomm Networks*,
  69 F.3d 1344 (7th Cir. 1995) .................................................................................11

*In re Adaptive Broadband Sec. Litig.*
  No. C 01-1092 SC, 2002 WL 989478
  (N.D. Cal. Apr. 2, 2002) .........................................................................................6, 9

*In re Apple Computer, Inc.*,
  243 F. Supp. 2d 1012 (N.D. Cal. 2002),
  *aff'd* 2005 U.S. App. LEXIS 5511 (9th Cir. 2005)............................................6

*In re Astea Int'l Inc. Sec. Litig.*,
  No. CIV.A. 06-1467, 2007 WL 2306586
  (E.D. Pa. Aug. 9, 2007)...........................................................................................9

*In re CV Therapeutics, Inc.*,
  No. C 03-03709 SI, 2004 WL 1753251
  (N.D. Cal. Aug. 5, 2004)..........................................................................................5

**Page**

*In re Direct Gen. Corp. Sec. Litig.*,
    398 F. Supp. 2d 888 (M.D. Tenn. 2005)....................................................................5

*In re FirstEnergy Corp. Sec. Litig.*,
    316 F. Supp. 2d 581 (N.D. Ohio 2004)..................................................................11

*In re Graphics Processing Units Antitrust Litig.*,
    540 F. Supp. 2d 1085 (N.D. Cal. 2007) ..................................................................9

*In re Neopharm, Inc. Sec. Litig.*,
    No. 02 C 2976, 2003 WL 262369
    (N.D. Ill. Feb. 7, 2003)......................................................................................8, 9

*In re Network Equip. Techs., Inc. Litig.*,
    762 F. Supp. 1359 (N.D. Cal. 1991) ...................................................................4, 13

*In re Northfield Labs., Inc. Sec. Litig.*,
    No. 06 C 1493, 2008 WL 4372743
    (N.D. Ill. Sept. 23, 2008) ......................................................................................2

*In re Shopko Sec. Litig.*,
    No. 01-C-1034, 2002 WL 32003318
    (E.D. Wis. Nov. 5, 2002) ....................................................................................11

*In re Sprint Corp. Sec. Litig.*,
    232 F. Supp. 2d 1193 (D. Kan. 2002) ...............................................................9, 10

*In re Thornburg Mortg., Inc. Sec. Litig.*,
    No. CIV 07-0815 JB/WDS, 2009 WL 5851089
    (D.N.M. Dec. 21, 2009) ........................................................................................7

*King v. Enter. Rent-A-Car Co.*,
    231 F.R.D. 255 (E.D. Mich. 2004) ........................................................................5

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
    969 F.2d 1384 (2d Cir. 1992).................................................................................4

*Loeb Indus. v. Sumitomo Corp.*,
    306 F.3d 469 (7th Cir. 2002) ............................................................................2, 13

*Minch v. City of Chicago*,
    486 F.3d 294 (7th Cir. 2007) .................................................................................4

- iii -

**Page**

*Panasuk v. Steel Dynamics, Inc.*,
   __ F. Supp. 2d __, No. 1:09-CV-66-TS,
   2009 WL 5176193 (N.D. Ind. Dec. 21, 2009) ............................................................4, 10

*Patel v. Parnes*,
   253 F.R.D. 531 (C.D. Cal. 2008) .........................................................................7

*Shurkin v. Golden State Vintners, Inc.*,
   471 F. Supp. 2d 998 (N.D. Cal. 2005) .................................................................4

*Sunstar, Inc. v. Alberto-Culver Co.*,
   No. 01 C 736, 2006 U.S. Dist. LEXIS 85678
   (N.D. Ill. Nov. 16, 2006).....................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)................................................................................. *passim*

*Venture Assoc. Corp. v. Zenith Data Sys. Corp.*,
   987 F.2d 429 (7th Cir. 1993) ...............................................................................2

*Western States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*,
   633 F. Supp. 2d 1151 (D. Nev. 2007)...................................................................4

*White v. Marshall*,
   __ F. Supp. 2d __, No. 07-CV-892, 2009 WL 5205441
   (E.D. Wis. Dec. 23, 2009)..............................................................3, 7, 10, 12

*Wieland v. Stone Energy Corp.*,
   No. CIV.A. 05-2088, 2007 WL 433161
   (W.D. La. Feb. 5, 2007) ......................................................................................6


**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 12(b) ..........................................................................................2, 14
   Rule 12(b)(6).................................................................................1, 2, 13
   Rule 12(d) ...............................................................................................13
   Rule 56....................................................................................................13
   Rule 56(f)..................................................................................................1

Federal Rules of Evidence
   Rule 201 ...................................................................................................7

**Page**

Rule 201(b) ................................................................................................................ *passim*

Rule 201(b)(2)....................................................................................................................7, 10

## I.       INTRODUCTION

In support of their Memorandum in Support of Motion to Dismiss Amended Class Action Complaint (Doc. #44) ("Defs.' Mem."), defendants submitted 22 exhibits – including charts, Securities and Exchange Commission ("SEC") filings and 22 pages of additional argument – in an attempt to contradict plaintiff's allegations in the Amended Class Action Complaint for Violations of Federal Securities Laws (Doc. #39) (the "Complaint") and urge this Court to make premature factual determinations.   Many of these exhibits are neither referred to in the Complaint nor central to plaintiff's claims, and therefore are not properly considered on a motion to dismiss.  At this early stage, the Court may only consider documents attached to a motion to dismiss that are "***referred to in the plaintiff's complaint and are central to his claim***." *118 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).[1]

Defendants also suggest that the Court should take judicial notice of these exhibits to decide contested factual issues in their favor.   In considering a motion to dismiss, which attacks the sufficiency of the Complaint, however, the Court "***must . . . accept all factual allegations in the complaint as true***." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 12(b)(6).  The time for resolving factual disputes comes only after both sides have had an opportunity to conduct discovery and develop a sufficient factual record to present evidence to the trier of fact so that it may render an informed decision.   *See* Fed. R. Civ. P. 56(f).  While defendants' motion may argue competing inferences, those inferences must be "rationally drawn ***from the facts alleged***," not from outside arguments and materials.  *Tellabs*, 551 U.S. at 314.

---

[1]        All emphasis is added and citations omitted throughout unless otherwise stated.

Further, even if the Court finds that certain exhibits are subject to judicial notice, the Court should not consider them for their truth. *Collins v. Cook County*, No. 06 CV 6651, 2008 WL 4925009, at *7 (N.D. Ill. Nov. 14, 2008) ("Although the court can take judicial notice of the existence of [a public record] . . . it cannot take judicial notice of the truth of the matters asserted in the document."). Thus, the Court should ***not*** take judicial notice of any documents offered by defendants for their truth.

Alternatively, should the Court choose to consider any exhibits improperly relied on by defendants, their motion to dismiss should be converted into one for summary judgment, and plaintiff should be provided an opportunity to conduct discovery and present evidence of its own. *See* Fed. R. Civ. P. 12(b); *Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) ("Rule 12(b) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it ***must*** treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof.").

## II.   STANDARD UNDER RULE 12(b)(6) FOR CONSIDERING DOCUMENTS ATTACHED TO A MOTION TO DISMISS

"In considering a motion to dismiss, a court may ***not*** consider matters outside the pleadings without converting the motion to a motion for summary judgment." *In re Northfield Labs., Inc. Sec. Litig.*, No. 06 C 1493, 2008 WL 4372743, at *3 (N.D. Ill. Sept. 23, 2008). "The pleadings include the complaint, the answer, and any written instruments attached ***to the complaint*** as exhibits." *ABN AMRO, Inc. v. Capital Int'l Ltd*, No. 04 C 3123, 2007 WL 845046, at *3 (N.D. Ill. Mar. 16, 2007). The Seventh Circuit, however, has crafted a "narrow exception" to this general ban:  a court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint ***and*** are central to his claim." *118 LLC*, 300 F.3d at 735; *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (documents attached to a motion to dismiss "are

- 2 -

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

In addition, a court may take judicial notice of matters of "public record" without converting a motion to dismiss into one for summary judgment. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).  Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). "Judicial notice, therefore, merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *GE Capital*, 128 F.3d at 1081; *Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 736, 2006 U.S. Dist. LEXIS 85678, at *9-*10 (N.D. Ill. Nov. 16, 2006) ("facts subject to judicial notice are not exempt from analysis under the other rules of evidence").  Thus, a court should not take judicial notice of matters that raise factual questions or are irrelevant to determining the sufficiency of the complaint. *See White v. Marshall*, __ F. Supp. 2d __, No. 07-CV-892, 2009 WL 5205441, at *8 (E.D. Wis. Dec. 23, 2009) (document was "irrelevant" and not subject to judicial notice because it "raise[d] factual questions as to the [plaintiff's] claims"); *Gas Tech. Inst. v. Rehmat*, No. 05 C 2712, 2006 WL 3743576, at * 15 (N.D. Ill. Dec. 15, 2006) (refusing to take judicial notice of information that was "irrelevant" to determining whether plaintiffs had adequately alleged a cause of action).

Further, "[a]lthough the court can take judicial notice of the existence of [a document of public record] . . . it cannot take judicial notice of the truth of the matters asserted in the document." *Collins*, 2008 WL 4925009, at *7; *George v. Kraft Foods Global, Inc.*, __ F. Supp. 2d __, No. 08 C 3799, 2009 WL 4884027, at *8 (N.D. Ill. Dec. 17, 2009) ("[A] court may take 'judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain,

but *not* for the proof of the facts stated therein.'").[2] Indeed, "[c]ourt[s] should not use judicial notice to generate an evidentiary record and then weigh evidence . . . to dismiss [a] complaint." *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

Finally, to be considered, a document "must also be 'concededly authentic'" and not subject to reasonable dispute. *Panasuk v. Steel Dynamics, Inc.*, __ F. Supp. 2d __, No. 1:09-CV-66-TS, 2009 WL 5176193, at *6 (N.D. Ind. Dec. 21, 2009); *Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007) (a court may consider a document attached to a motion to dismiss that is referred to in the complaint, "so long as the authenticity of the document is unquestioned"); Fed. R. Evid. 201(b) ("[a] judicially noticed fact must be one *not subject to reasonable dispute*").

## III.    ARGUMENT

Defendants' motion to dismiss improperly relies on numerous documents, and information contained within those documents, that are not referred to in the Complaint, were not relied on by plaintiff in drafting the Complaint, and are otherwise improper for judicial notice.  For the reasons set forth below, the Court should strike these exhibits, and any reference to these exhibits, from defendants' motion.

---

[2]    *See also Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2005) ("the Court takes judicial notice of [SEC filings] *not* for the truth of the statements contained therein, but for the fact that these documents [] were publicly-filed and for the fact that the statements made therein were made to the public on the dates specified"); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (judicial notice improper where district court took notice of the documents "to establish facts asserted therein"); *Western States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*, 633 F. Supp. 2d 1151, 1168-69 (D. Nev. 2007) ("when a court takes judicial notice of a matter of public record . . . it may not do so 'for the truth of the facts recited therein, but for the existence of the [public record], which is not subject to reasonable dispute over its authenticity'").

**A.  Defendants' Chart Summarizing the False and Misleading Statements and Their Arguments Regarding Those Statements Is Plainly Outside the Pleadings and Not Properly Considered on a Motion to Dismiss**

Attached to defendants' motion as Exhibit A is a 22-page chart created by defendants entitled "Reasons Why Alleged Misrepresentations in Amended Complaint Are Not Actionable."  This chart summarizes the false and misleading statements and provides arguments as to why each statement is not actionable above those found in defendants' motion.  *See* Defs.' Mem. at 33 (attempting to argue puffery solely by referring to Ex. A).  Not only does this document provide defendants with ***22 additional pages of argument*** above the Court-ordered page limit extension (*see* Joint Motion to File Oversized Briefs (Doc. #40)), it is clearly outside the pleadings and not proper on a motion to dismiss.  Defendants' summaries and arguments are in no way referred to in the Complaint or central to plaintiff's claims.  *118 LLC,* 300 F.3d at 735; *see also In re Direct Gen. Corp. Sec. Litig.*, 398 F. Supp. 2d 888, 894 (M.D. Tenn. 2005) (declining to consider a chart set forth by defendants in their motion to dismiss); *In re CV Therapeutics, Inc.*, No. C 03-03709 SI, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining to consider "charts, prepared by defense counsel, containing portions of otherwise judicially noticeable facts"); *King v. Enter. Rent-A-Car Co.*, 231 F.R.D. 255, 265 (E.D. Mich. 2004) ("Defendants added a twenty-two page [exhibit], which supposedly summarizes each of the Plaintiff's specific claims and cites evidence to refute those assertions.  This, too, is tantamount to additional argument going to the merits . . . [and] is ***not*** a proper use of exhibits.").

Defendants' chart is also not a "public record" subject to judicial notice.  Fed. R. Evid. 201(b).  Moreover, there can be no dispute that the contents of the chart are subject to reasonable dispute.  Indeed, whether defendants' false and misleading statements are actionable is the central

dispute of this action.  Accordingly, the Court should strike Exhibit A, and any reference to Exhibit A, from defendants' motion.[3]

### B. Defendants' Chart of Insider Stock Activity and Form 4s Proffered to Support Competing Inferences Are Not Properly Considered on a Motion to Dismiss

Attached to defendants' motion as Exhibit D is a three-page chart created by defendants purporting to summarize the number of shares sold by Anixter executives from January 2006 to September 2008. This chart is plainly outside the pleadings, as it was created by defendants for the purpose of this litigation, was not referred to in the Complaint and is not central to plaintiff's claims. *See Wieland v. Stone Energy Corp.*, No. CIV.A. 05-2088, 2007 WL 433161, at *3 (W.D. La. Feb. 5, 2007) (declining to consider a chart prepared by defense counsel summarizing insider stock transactions during the class period); *In re Apple Computer, Inc.*, 243 F. Supp. 2d 1012, 1024 n.4 (N.D. Cal. 2002), *aff'd* 2005 U.S. App. LEXIS 5511 (9th Cir. 2005) ("[T]he incorporation by reference doctrine applies to 'documents,' not summaries of documents."). Indeed, many of the transactions referenced in the chart occurred outside of the relevant class period and are irrelevant to plaintiff's class period allegations. Defendants' chart is also not a "public record" subject to judicial notice, Fed. R. Evid. 201(b), and defendants have failed to even request that the Court take judicial notice of the chart. Accordingly, the Court should strike defendants' stock transaction chart, and any reference to the chart, from defendants' motion.

Exhibit D also contains numerous Form 4s filed with the SEC dating from January 2006 to September 2008 that are not referred to in the Complaint nor are central to plaintiff's claims and, therefore, are outside the pleadings. *In re Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002

---

[3]      In the event the Court chooses to consider defendants' Exhibit A, plaintiff has submitted a response to this exhibit in support of its opposition to defendants' motion to dismiss. *See* Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Class Action Complaint.

- 6 -

WL 989478, at *20 (N.D. Cal. Apr. 2, 2002) (declining to take judicial notice of Form 4s that were not referred to or relied upon in the complaint).  In addition, while Form 4s *during the class period* may be relevant to plaintiff's insider trading allegations, many of the Form 4s in Exhibit D – those dating from January 2006 to January 29, 2008 – fall outside the class period and are wholly irrelevant to plaintiff's claims.

The Form 4s are also not subject to judicial notice because they "raise[] factual questions as to [plaintiff's] claims." *White*, 2009 WL 5205441, at *8.  Defendants proffer the Form 4s (and stock transaction chart) solely to prove the absence of scienter.  *See* Defs.' Mem. at 28 n.17, 30.  This is a classic example of defendants attempting to draw on outside materials in an attempt to have the Court draw a competing inference.  This clearly violates *Tellabs*.  551 U.S. at 314 (competing inferences must be "rationally drawn *from the facts alleged*").

Moreover, defendants improperly proffer the Form 4s and stock transaction chart for the truth of the matters asserted.  *George*, 2009 WL 4884027, at *8.  There can be no basis, however, for concluding that the facts contained in the Form 4s – a document where defendants provide all of the information and where there is no check for accuracy – and the stock transaction chart created by defendants "cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *In re Thornburg Mortg., Inc. Sec. Litig.*, No. CIV 07-0815 JB/WDS, 2009 WL 5851089, at *3-*4 (D.N.M. Dec. 21, 2009) (declining to take judicial notice of the truth of Form 4s because such facts are not "subject to 'ready' determination"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("The truth of the content [of Form 4s], and the inferences properly drawn from them . . . is *not* a proper subject of judicial notice under Rule 201.").

Accordingly, the Court should strike Exhibit D, and any reference to Exhibit D or the information contained therein, in its entirety from defendants' motion.

- 7 -

### C.    Defendants' Stock Price Graph Is Not Properly Considered at This Stage of the Litigation

Attached to defendants' motion as Exhibit E is a graph created by defendants of Anixter's stock price from January 2, 2008 to January 2, 2009.  Defendants apparently created this graph to offer a competing view of Anixter's stock price from that shown in plaintiff's graph in the Complaint. Defs.' Mem. at 6.  Defendants' proffer of such extrinsic materials to support competing inferences is not proper on a motion to dismiss.  *Tellabs*, 551 U.S. at 322-24.

In addition, defendants' graph was not referred to in the Complaint and is not central to plaintiff's claims.  *118 LLC*, 300 F. 3d at 735.  The graph is also not a "public record" subject to judicial notice.  Fed. R. Evid. 201(b).  Thus, it is plainly outside the pleadings and not properly considered on a motion to dismiss.  Further, defendants have failed to request that the Court take judicial notice of the graph.  Accordingly, the Court should strike defendants' stock price graph, and any reference to the graph, from defendants' motion.[4]

### D.    The October 23, 2007 Earnings Conference Call Transcript Was Not Referred to in the Complaint and Is Outside the Pleadings

Attached to defendants' motion as Exhibit G is a transcript of an October 23, 2007 earnings conference call.  This transcript, dated several months prior to the class period, was not referred to in the Complaint and is not central to plaintiff's claims.  *See In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2003 WL 262369, at *2 (N.D. Ill. Feb. 7, 2003) (declining to consider earnings conference call transcript attached to a motion to dismiss that was not referred to in the complaint).  The transcript is

---

[4]    Exhibit E also contains a chart of Anixter's stock prices from January 1, 2008 to December 31, 2008 from Yahoo! Finance.  Although plaintiff did not refer to or rely upon stock prices from Yahoo! Finance in its Complaint, the Complaint references Anixter's stock price from other sources at various times throughout the class period.  Plaintiff recognizes that courts may judicially notice publicly disclosed stock prices during the class period from a reputable source under such circumstances.  Plaintiff therefore does not challenge defendants' submission of the Yahoo! Finance stock price chart.

- 8 -

also not subject to judicial notice.  *Id.* at *3 ("[earnings conference call] transcripts are not subject to

judicial notice"); *In re Astea Int'l Inc. Sec. Litig.*, No. CIV.A. 06-1467, 2007 WL 2306586, at *8

(E.D. Pa. Aug. 9, 2007) ("conference call transcripts . . . are not 'matters of public record'").  Thus,

it is outside the pleadings and not properly considered on a motion to dismiss.  In addition,

defendants have failed to request that the Court take judicial notice of the transcript.  Defs.' Mem. at

3 n.2 (suggesting only that the Court may consider earnings conference call transcripts that "are

referred to in the complaint and are central to plaintiff's claims").  Accordingly, the Court should

strike Exhibit G, and any reference to Exhibit G, from defendants' motion.

### E.   The Court Should Strike Various SEC Filings that Are Not Referred to in the Complaint Nor Central to Plaintiff's Claims

Defendants' motion relies upon several SEC filings that are not referred to in the Complaint

nor central to plaintiff's claims.  These documents include the following:

- Exhibit B – April 11, 2007 Proxy Statement
- Exhibit C – April 8, 2008 Proxy Statement
- Exhibit F – February 23, 2007 Form 10-K
- Exhibit H – November 1, 2007 Form 10-Q
- Exhibit N – May 7, 2008 Form 10-Q
- Exhibit T – October 31, 2008 Form 10-Q
- Exhibit U – February 3, 2009 Press Release and February 4, 2009 Form 8-K
- Exhibit V – February 27, 2009 Form 10-K

These SEC filings should be excluded for several reasons.  First, these documents were

neither referenced in nor relied upon by the Complaint.  *See Neopharm*, 2003 WL 262369, at *3

(refusing to consider press release attached to a motion to dismiss that was "not explicitly mentioned

in the Complaint"); *Adaptive Broadband*, 2002 WL 989478, at *20 (refusing to take judicial notice

of Proxy Statement and Form 4s that were not referred to or relied upon in the complaint); *In re*

*Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1212 (D. Kan. 2002) (granting plaintiff's motion to

strike Proxy Statement and Form 10-Q attached to defendants' motion to dismiss because they were

"not attached to or referred to in the Complaint, nor [were] they incorporated by reference"); *In re*

- 9 -

*Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1091 (N.D. Cal. 2007) (refusing to take judicial notice of press releases and SEC filings that were "not referenced in the complaint").

Indeed, many of these documents – Exhibits B, F, H, T, U and V – were filed outside of the relevant class period and are irrelevant to plaintiff's class period allegations. "[T]he **only** documents that the Court can consider at this point are those 'referred to in the Plaintiff[s'] claim **and** central to [its] claim.'" *Panasuk*, 2009 WL 5176193, at *6.

Second, these documents are not subject to judicial notice because they "raise[] factual questions as to the [plaintiff's] claims." *White*, 2009 WL 5205441, at *8. For example, defendants cite Exhibits B and C to assert that "[t]he executives received stock options with expiration dates as part of their compensation" to prove the absence of scienter. Defs.' Mem. at 30. Likewise, defendants cite Exhibit V to assert that Anixter ultimately "finished 2008 with record sales" months after the class period. Defs.' Mem. at 6; *see Sprint*, 232 F. Supp. 2d at 1211 (declining to consider a press release announcing third quarter results that was issued a month after the class period and was not referred to in the complaint). This is yet another example of defendants attempting to draw on outside – and irrelevant – materials in an attempt to have the Court draw a competing inference in violation of *Tellabs*. 551 U.S. at 322-24.

Third, defendants improperly ask the Court to consider these documents as evidence of the truth of the matters asserted, not as evidence of what disclosures defendants made. In order to be subject to judicial notice, a fact must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Defendants offer no basis for why the Court should conclude that the accuracy of the facts contained within these exhibits "cannot reasonably be questioned." *Id.* Nor do they offer any basis supporting their use of such documents for their truth. In securities fraud cases especially, the accuracy of defendants' public filings is at the heart of the action and, thus, defendants' exhibits cannot be

- 10 -

considered for their truth.  *George*, 2009 WL 4884027, at *8 ("A court may take 'judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain, but ***not*** for the proof of the facts stated therein.'").  While the existence, date, and contents of SEC filings might be public record, any facts, calculations, and inference defendants seek to have this Court draw therefrom are inappropriate.  *See Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (holding that the district court properly refused to take judicial notice of a corporation's Form 10-K that was the subject of a factual dispute); *In re Shopko Sec. Litig.*, No. 01-C-1034, 2002 WL 32003318, at *2 (E.D. Wis. Nov. 5, 2002) (refusing to take judicial notice of SEC filings where defendants offered the filings for the truth of the disclosures contained therein); *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 (N.D. Ohio 2004) (refusing to take judicial notice of SEC filings where defendants "urge[d] the Court to accept the truth of the matters asserted in the exhibits to decide factual disputes in [their] favor").

Finally, defendants ***themselves*** do not rely upon Exhibits F and U in their motion. Defendants' failure to even cite to these exhibits alone justifies their exclusion.

Accordingly, the Court should strike Exhibits B, C, F, H, N, T, U and V, and any reference to these exhibits or the information contained therein, from defendants' motion.

### F.    Defendants Improperly Use Materials Referenced in the Complaint

Defendants' motion also improperly relies upon documents that are referred to, in part, in the Complaint.  These documents include the following:

- Exhibit I – January 29, 2008 Press Release and January 31, 2008 Form 8-K
- Exhibit J – January 29, 2008 Earnings Call Transcript
- Exhibit K – February 21, 2008 Form 10-K
- Exhibit L – April 22, 2008 Press Release and April 22, 2008 Form 8-K
- Exhibit M – April 22, 2008 Earnings Call Transcript
- Exhibit O – July 22, 2008 Press Release and July 23, 2008 Form 8-K
- Exhibit P – July 22, 2008 Earnings Call Transcript
- Exhibit Q – July 31, 2008 Form 10-Q

- 11 -

- • Exhibit R – October 21, 2008 Press Release and October 23, 2008 Form 8-K
- • Exhibit S – October 21, 2008 Earnings Call Transcript

While the Court may consider the full text of these documents, it does not follow that defendants can submit these documents to establish the truth of matters asserted therein or to raise factual questions as to plaintiff's claims. *George*, 2009 WL 4884027, at *8; *White*, 2009 WL 5205441, at *8. Defendants, however, attempt to do just that. For example, defendants submit Anixter's various SEC filings referred to in the Complaint to "prove" Anixter's "record" earnings and growth during the class period. Defs.' Mem. at 4, 5, 10-17, 19. Similarly, defendants submit Anixter's July 22, 2008 earnings conference call transcript to "prove" that information technology projects and "quote activity" projects each constituted only a 15% to 20% fraction of its enterprise cabling and electric wire and cable lines. Defs.' Mem. at 18, 26 n.13. Defendants, however, may not rely on these documents – which plaintiff alleges contain false and misleading statements – to raise such factual issues at this stage of the proceedings. *Tellabs*, 551 U.S. at 322-23.

Although plaintiff does not challenge defendants' submission of documents referred to in the Complaint to show what statements the documents contain, plaintiff objects to defendants' proffer of these exhibits for the truth of the matters asserted. While the Court may consider these exhibits "'for the purpose of showing what statements the documents contain,'" it may ***not*** consider them, as defendants suggest, "'for the proof of the facts stated therein.'" *George*, 2009 WL 4884027, at *8. Accordingly, the Court should ***not*** take judicial notice of Exhibits I, J, K, L, M, O, P, Q, R or S to the extent they are offered for the truth of the matters asserted, and should strike all inadmissible hearsay statements derived from these exhibits contained in defendants' motion.

**G.    Should the Court Choose to Consider Any of Defendants' Exhibits from Outside the Pleadings, It "Must" Convert Defendants' Motion to Dismiss into One for Summary Judgment and Allow Plaintiff to Take Discovery**

Consideration of defendants' exhibits in the manner defendants seek to use them turns defendants' motion to dismiss into one for summary judgment.  Federal Rule of Civil Procedure 12(d) states, in part:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56.   All parties *must* be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  "This requirement of a reasonable opportunity to respond is mandatory, not discretionary."  *Loeb*, 306 F.3d at 479.

As discussed above, defendants' motion presents numerous exhibits from outside the pleadings in an attempt to contradict plaintiff's factual allegations.  Defendants' reliance on these exhibits in presenting their arguments raises factual disputes between the parties that cannot properly be resolved on a motion to dismiss.  *See Network Equip.*, 762 F. Supp. at 1363 ("While defendants['] arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'").

To date, plaintiff has not been permitted to conduct any discovery, and, therefore, is unable to properly address the factual issues raised by defendants' motion and their improper reliance on materials from outside the pleadings.  *See* Declaration of Debra J. Wyman in Support of Plaintiff's Motion to Strike Defendants' Extrinsic Evidence Attached to Their Motion to Dismiss or, in the Alternative, to Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment (filed herewith).  Therefore, if the Court considers any of the exhibits addressed above, it *must* convert

- 13 -

defendants' motion to dismiss into one for summary judgment under Rule 12(b) and allow plaintiff to conduct discovery so that it may properly oppose defendants' motion.

## IV.    CONCLUSION

For the reasons discussed above, plaintiff respectfully requests that the Court not consider the offending exhibits, facts, arguments and charts, or, in the alternative, convert defendants' motion to dismiss into one for summary judgment and allow for discovery.

The following exhibits, and facts, arguments and charts related thereto, are not referred to in the Complaint and should be stricken:  Exhibits A, B, C, D, E, F, G, H, N, T, U and V.  The following exhibits referred to in the Complaint, and facts and arguments related thereto, should ***not*** be judicially noticed or considered to the extent they are offered for the truth of the matters asserted: Exhibits I, J, K, L, M, O, P, Q, R and S.

DATED:  March 22, 2010                   Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DEBRA J. WYMAN


                                 s/ Debra J. Wyman
                          DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SARAH R. HOLLOWAY
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

- 14 -

LASKY & RIFKIND, LTD.
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL  60610
Telephone:  312/634-0057
312/634-0059 (fax)

Liaison Counsel

509680_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 22, 2010.

s/ Debra J. Wyman
DEBRA J. WYMAN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:debraw@csgrr.com

# Mailing Information for a Case 1:09-cv-05641

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David J. Bradford**
  dbradford@jenner.com,docketing@jenner.com
- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com
- **Sarah R. Holloway**
  sholloway@csgrr.com
- **Leigh R. Lasky**
  lasky@laskyrifkind.com
- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com
- **Amelia Susan Newton**
  newton@laskyrifkind.com
- **Norman Rifkind**
  rifkind@laskyrifkind.com
- **Marc David Sokol**
  msokol@jenner.com,whughes@jenner.com,docketing@jenner.com
- **Howard Steven Suskin**
  hsuskin@jenner.com,docketing@jenner.com
- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us
- **Heidi E. VonderHeide**
  vonderheide@laskyrifkind.com
- **Daniel J. Weiss**
  dweiss@jenner.com,docketing@jenner.com
- **Debra J. Wyman**
  debraw@csgrr.com,nhorstman@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`