**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 CV 5641 |
| | ) | |
| v. | ) | Hon. Robert M. Dow Jr. |
| | ) | |
| ANIXTER INTERNATIONAL, INC., ROBERT J. ECK, DENNIS J. LETHAM and ROBERT GRUBBS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

April 5, 2010

David J. Bradford (Illinois Bar #272094)
Howard S. Suskin (Illinois Bar #6185999)
Daniel J. Weiss (Illinois Bar #6256843)
Marc D. Sokol (Illinois Bar #6276263)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois  60654
(312) 222-9350

## **Table of Contents**

I.   Introduction..............................................................................................................................1

II.  Argument .................................................................................................................................3

    A.  The Court May Properly Consider the Chart of Alleged Misrepresentations
        (Exhibit A). ....................................................................................................................3

    B.  The Court May Properly Consider the Forms 4 and Summary Chart (Exhibit D). ............4

    C.  The Court May Properly Consider the Stock Price Graph (Exhibit E)...............................8

    D.  The Court May Properly Consider the October 23, 2007 Transcript (Exhibit G). .............8

    E.  The Court May Properly Consider the Challenged SEC Filings (Exhibits B, C, F,
        H, N, T, U, and V). .....................................................................................................11

    F.  The Court May Properly Consider the Content of the Materials Referenced in the
        Complaint (Exhibits I, J, K, L, M, O, P, Q, R, and S). ....................................................13

    G.  The Court Should Not Convert the Motion to Dismiss into a Motion for Summary
        Judgment. ...................................................................................................................14

III. Conclusion ............................................................................................................................15

## Table of Authorities

## FEDERAL CASES

*118 LLC v. Trinity Indus. Inc.*, 300 F.3d 730
(7th Cir. 2002)..................................................................................................3

*In re Adaptive Broadband Sec. Litig.*, 2002 WL 989478
(N.D. Cal. Apr. 2, 2002) ..................................................................................6

*In re Apple Computer, Inc.*, 243 F. Supp. 2d 1012
(N.D. Cal. 2002)...............................................................................................6

*Andropolis v. Red Robin Gourmet Burgers, Inc.*,
505 F. Supp. 2d 662 (D. Colo. 2007).........................................................12, 14

*In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586
(E.D. Pa. Aug. 9, 2007).................................................................................9, 11

*In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549
(S.D.N.Y. 2004) ............................................................................................5, 6, 7

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410
(3d Cir. 1997)...............................................................................................9, 10

*In re Career Educ. Corp.*, 2007 WL 1029092
(N.D. Ill. Mar. 29, 2007) ..................................................................................6

*Collins v. Cook County*, 2008 WL 4925009
(N.D. Ill. Nov. 14, 2008)...................................................................................3

*In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857
(N.D. Cal. 2004)............................................................................................8, 9

*In re Corning Sec. Litig.*, 2004 WL 1056063
(W.D.N.Y. Apr. 9, 2004) ..................................................................................8

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42
(2d Cir. 1991)...................................................................................................5

*In re Credit Acceptance Corp. Sec. Litig.*, 50 F. Supp. 2d 662
(E.D. Mich. 1999) .......................................................................................14, 15

*In re Cree Sec. Litig.*, 2005 WL 1847004 (M.D.N.C. Aug. 2, 2005) ......................................11, 12

*In re CV Therapeutics, Inc.*, 2004 WL 1753251
(N.D. Cal. Aug. 5, 2004) ........................................................................................4

*In re Direct Gen. Corp. Sec. Litig.*, 398 F. Supp. 2d 888
(M.D. Tenn. 2005) ................................................................................................4

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
258 F. Supp. 2d 576 (S.D. Tex. 2003) ..................................................................7

*In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581
(N.D. Ohio 2004) ................................................................................................13

*In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871
(W.D.N.C. 2001) .............................................................................................8, 12

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074
(7th Cir. 1997) .....................................................................................................3

*George v. Kraft Foods Global, Inc.*, 2009 WL 4884027
(N.D. Ill. Dec. 17, 2009) .......................................................................................6

*In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261
(S.D.N.Y. 2009) ................................................................................................5, 6

*In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085
(N.D. Cal. 2007) ................................................................................................13

*In re Hall, Kinion & Assocs., Inc., Sec. Litig.*
2000 WL 1639503 (N.D. Cal. Oct. 27, 2000) ...............................................12, 14

*In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969
(E.D. Wis. 2009) ................................................................................................11

*Hecker v. Deere & Co.*, 556 F.3d 575
(7th Cir. 2009) ...............................................................................1, 2, 5, 10, 14

*Hennessy v. Pentril Datacomm Networks*, 69 F.3d 1344
(7th Cir. 1995) ................................................................................................13

*Higginbotham v. Baxter Int'l., Inc.*, 495 F.3d 753
(7th Cir. 2007) .....................................................................................................7

*Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267
(S.D. Fla. 2008) ....................................................................................................8

*In re Huntington Bancshares Inc. Sec. Litig.*, 2009 WL 4666455
(S.D. Ohio Dec. 4, 2009) ................................................................5

*In re Keyspan Corp. Sec. Litig.*, 383 F. Supp. 2d 358
(E.D.N.Y. 2003)................................................................................5, 6

*King v. Enter. Rent-A-Car Co.*, 231 F.R.D. 255
(E.D. Mich. 2004) ................................................................................4

*Kramer v. Time Warner, Inc.*, 937 F.2d 767
(2d Cir 1991)........................................................................................9

*Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469
(7th Cir. 2002)......................................................................................3

*Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117
(D. Conn. 2007) ..............................................................................5, 7, 8

*In re Midway Games, Inc. Sec. Litig.*, 332 F. Supp. 2d 1152
(N.D. Ill. 2004)....................................................................................6

*In re Neopharm, Inc. Sec. Litig.*, 2003 WL 262369
(N.D. Ill. Feb. 7, 2003)....................................................................9, 11

*In re Northfield Labs., Inc. Sec. Litig.*, 2008 WL 4372743
(N.D. Ill. Sept. 23, 2008) ....................................................................3

*Panasuk v. Steel Dynamics*, 2009 WL 5176193
(N.D. Ind. 2009)..................................................................................13

*Papasan v. Allain*, 478 U.S. 265 (1986) ...............................................13

*Patel v. Parnes*, 253 F.R.D. 531 (C.D. Cal. 2008) ...............................6

*In re Petco Animal Supplies Inc. Sec. Litig.*, 2005 WL 5957816
(S.D. Cal. Aug. 1, 2005) ..................................................................12, 14

*In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096
(N.D. Cal. 2006)..................................................................................7

*Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008)...............................7

*Redding v. Freeman Prods., Inc.*, 1995 WL 410922
(N.D. Ill. July 10, 1995)....................................................................2, 11

*Renz v. Shreiber*, 832 F. Supp. 766 (D.N.J. 1993)...............................12, 14

*Ronconi v. Larkin*, 253 F.3d 423
(9th Cir. 2001) ........................................................................................................7

*Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657
(7th Cir. 2002) .....................................................................................................10

*Selbst v. McDonald's Corp.*, 2005 WL 2319936
(N.D. Ill. Sept. 21, 2005) ...........................................................................2, 5, 11

*In re Shopko Sec. Litig.*, 2002 WL 32003318
(E.D. Wis. Nov. 5, 2002) .....................................................................................13

*In re Sina Corp. Sec. Litig.*, 2006 WL 2742048
(S.D.N.Y. Sept. 26, 2006).............................................................................5, 6, 7

*In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193
(D. Kan. Sept. 30, 2002) ......................................................................................13

*In re Spyglass, Inc., Sec. Litig.*, 1999 WL 543197
(N.D. Ill. July 21, 1999) .........................................................................................5

*Stavros v. Exelon Corp.*, 266 F. Supp. 2d 833
(N.D. Ill. 2003)........................................................................................2, 6, 12, 14

*Sunstar, Inc. v. Alberto-Culver Co.*, 2006 WL 6505615
(N.D. Ill. Nov. 16, 2006).........................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308 (2007)............................................................................................1, 6

*In re Thornburg Mortg., Inc. Sec. Litig.*, 2009 WL 5851089
(D.N.M. Dec. 21, 2009) ..........................................................................................6

*Tommaseo v. United States*, 75 Fed. Cl. 799
(Fed. Cl. 2007) ........................................................................................................4

*United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
456 F. Supp. 2d 46 (D.D.C. 2006) ......................................................................3, 4

*In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209
(N.D. Cal. 2000).......................................................................................................5

*Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429
(7th Cir. 1993)..........................................................................................................3

*W. Pa. Elec. Employees Pension Trust v. Plexus Corp.*
2009 WL 604276 (E.D. Wis. Mar. 6, 2009) ..............................................................5

*White v. Marshall*, 2009 WL 5205441
(E.D. Wis. Dec. 23, 2009)........................................................................................6

*Wieland v. Stone Energy Corp.*, 2007 WL 433161
(W.D. La. Feb. 5, 2007) ...........................................................................................6

*Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102
(N.D. Cal. 2003).....................................................................................................9, 10

# FEDERAL STATUTES

15 U.S.C. § 78u-4(b)(3)(B).............................................................................................14

# OTHER AUTHORITIES

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1327
(3d ed. 2004) .........................................................................................................10

5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357
(3d ed. 2004) ...........................................................................................................1

5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1363
(3d ed. 2004) ...........................................................................................................6

FED. R. EVID. 1006....................................................................................................8

## I.       Introduction

Plaintiff filed a 141-paragraph complaint quoting and challenging 43 statements made by defendants ("Anixter") without attaching for the Court's review the documents in which those statements were made.  Anixter, in its motion to dismiss, put the documents before the Court along with contemporaneous SEC filings and other matters of public record that provide context for the statements plaintiff challenges.  Plaintiff now moves to strike all of those exhibits, or to limit the Court's review of them.

Plaintiff's motion is based largely on the erroneous premise that a plaintiff can preclude the Court from reviewing documents at the core of a dispute by omitting the documents from its complaint or otherwise artfully pleading around them.  But as the Supreme Court has explained, a court considering a motion to dismiss in a securities fraud action must consider "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, *in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added).  On that point, the Supreme Court relied on Wright & Miller, which elaborates that "[n]umerous cases . . . have allowed consideration of matters incorporated by reference *or integral to the claim*, *items subject to judicial notice, [and] matters of public record* . . . without converting the motion into one for summary judgment."  *Tellabs*, 551 U.S. at 322 (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)) (emphasis added).

Indeed, just last year, in a case that plaintiff does not mention, the Seventh Circuit affirmed the consideration on a 12(b)(6) motion of prospectuses and other investment documents "central to plaintiffs' case," particularly documents that "were publicly available documents and thus relevant to the question of disclosure."  *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir.

2009).  District courts in the Seventh Circuit routinely consider such materials on a 12(b)(6) motion.  *See, e.g., Selbst v. McDonald's Corp.*, 2005 WL 2319936, at *1 n.4 (N.D. Ill. Sept. 21, 2005) (considering the contents of various SEC filings attached to the defendant's motion to dismiss); *Stavros v. Exelon Corp.*, 266 F. Supp. 2d 833, 849 (N.D. Ill. 2003) (considering Form 8-K filings to determine defendant's financial performance); *Redding v. Freeman Prods., Inc.*, 1995 WL 410922, at *2 (N.D. Ill. July 10, 1995) (considering contents of Form 10-K).

This Court too may properly consider the SEC filings and similar items that Anixter has attached to its Rule 12(b)(6) motion.  The SEC filings are plainly appropriate—most are expressly or implicitly referenced in the complaint, none are challenged as inauthentic, and all are "relevant to the question of disclosure" during the period at issue.  That covers 15 of the 22 exhibits.  Five of the remaining exhibits are transcripts of conference calls in which Anixter made statements that plaintiff challenges as fraudulent—here again, authenticity is unchallenged and the transcripts allow the court to see the challenged statements in their full context.  Plaintiff even admits that the Court may consider the "full text" of all but one transcript.  The remaining documents are demonstrative summaries for the Court's convenience—a table of the alleged misrepresentations, a summary of trading data, and a stock chart.  Plaintiff alleges no inaccuracy in any of these summaries and has submitted its own similar summaries (which do not contradict Anixter's submissions).  The Court may properly consider all of these documents.

Although plaintiff argues that the exhibits "raise factual questions" that are inappropriate on a motion to dismiss, plaintiff fails to identify a single factual dispute that is raised by any exhibit.  Plaintiff does not challenge the authenticity of these documents and nowhere questions the financial reporting contained in them.  Indeed, none of the exhibits directly contradicts any of the factual allegations contained in the complaint.  Rather, the exhibits merely help to demonstrate the complaint's deficiencies, which are apparent even in the absence of the exhibits.

The Court should deny the motion to strike.  Alternatively, if the Court determines that any exhibit should not be considered, it should disregard the exhibit and dismiss plaintiff's complaint for all of the reasons set out in the motion to dismiss.  There is no basis to convert the motion to one for summary judgment.[1]

## II.   Argument

"A motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden."  *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (citations and internal quotation marks omitted).  Here, plaintiff has failed to meet its burden as to each category of documents that it challenges.

### A.   The Court May Properly Consider the Chart of Alleged Misrepresentations (Exhibit A).

Plaintiff first moves to strike Anixter's "Exhibit A," which is a compilation of all the statements that plaintiff quotes and appears to challenge in its complaint, together with a reference to the relevant portion of Anxiter's motion to dismiss.  The exhibit is simply a summary document intended to assist the Court in evaluating the scores of statements quoted and challenged in the complaint.  It is not "extrinsic evidence" and does not purport to be "evidence" of any kind.  As Anixter explained, the exhibit was occasioned by plaintiff's "kitchen sink"

---

[1] The cases cited by plaintiff in the first two sections of its brief are either factually distinguishable or do not support plaintiff's position.  *See 118 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (lower court did not err in considering document attached to Rule 12(b)(6) motion to dismiss even though the document raised factual issues); *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 478-79 (7th Cir. 2002) (concerning deposition testimony and other evidence adduced during class certification proceeding); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997) (concerning facts adjudicated in prior lawsuit); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (holding lower court properly denied plaintiff's motion to exclude documents while ruling on motion to dismiss); *Collins v. Cook County*, 2008 WL 4925009 (N.D. Ill. Nov. 14, 2008) (judicial notice of order entered in unrelated adjudicative proceeding); *In re Northfield Labs., Inc. Sec. Litig.*, 2008 WL 4372743 (N.D. Ill. Sept. 23, 2008) (not concerning materials that may be considered in ruling on a motion to dismiss); *Sunstar, Inc. v. Alberto-Culver Co.*, 2006 WL 6505615, at *3 (N.D. Ill. Nov. 16, 2006) (evidence on the definition of the word "may" was a "pointless exercise").

3

pleading and the impracticality of addressing in detail each of 43 block-quote statements apparently challenged.  (Mem. at 8-9.)  Plaintiff has now submitted its own responsive exhibit (Exhibit 1), so it is unclear what is to be gained by having the Court strike one or both documents.  The Court should consider both to the extent it is helpful to have all of the challenged statements set out in one place.

Because Exhibit A was not "evidence," but rather in the nature of argument, plaintiff's only arguable complaint might be that Anixter's brief exceeded the page limit.  Courts have rejected the same argument when considering motions to strike similar summary exhibits.  *See, e.g., Tommaseo v. United States*, 75 Fed. Cl. 799, 806 (Fed. Cl. 2007) (denying plaintiffs' motion to exclude exhibits attached to defendants' motion to dismiss because the exhibits "were not offered as evidence, but as demonstrative exhibits intended to help the Court better understand the facts surrounding this case"); *K & R Ltd. P'ship*, 456 F. Supp. 2d at 52-53 (denying plaintiff's motion to strike because, among other reasons, "[plaintiff] does not identify any concrete way in which it would be prejudiced by admission of the exhibit").  There is likewise no prejudice here because plaintiff has submitted its own Exhibit 1.[2]

**B.     The Court May Properly Consider the Forms 4 and Summary Chart (Exhibit D).**

Plaintiff next moves to strike or limit consideration of records of insider stock sales filed with the SEC ("Forms 4") and Anixter's summary table, all attached to Anixter's motion to dismiss as Exhibit D.  Plaintiff is mistaken.

---

[2]  The cases cited by plaintiff in this portion of its argument are distinguishable or have been misinterpreted by plaintiff.  *See In re Direct Gen. Corp. Sec. Litig.*, 398 F. Supp.2d 888 (M.D. Tenn. 2005) (exhibits raised disputed issues of fact); *In re CV Therapeutics, Inc.*, 2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) (rejecting argument that the court may not take judicial notice of the truth of SEC filings and other exhibits offered in support of motion to dismiss); *King v. Enter. Rent-A-Car Co.* does not support plaintiff's position.  *See* 231 F.R.D. 255, 265 (E.D. Mich. 2004) (denying plaintiff's motion to strike defendants' exhibits).

Forms 4 "are *routinely accepted* by courts on motions to dismiss securities fraud complaints *and are considered for the truth of their contents*."  *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 133 (D. Conn. 2007) (emphasis added).  Courts within the Seventh Circuit and nationwide rely on Forms 4 in analyzing under Rule 12(b)(6) allegations concerning insider stock sales.  *See, e.g., W. Pa. Elec. Employees Pension Trust v. Plexus Corp.*, 2009 WL 604276, at *5 (E.D. Wis. Mar. 6, 2009) (relying on Forms 4: "allegations that defendants divested themselves of most of their Plexus shares disregards the fact that defendants also purchased stock during the class period"); *In re Spyglass, Inc., Sec. Litig.*, 1999 WL 543197, at *5-6 (N.D. Ill. July 21, 1999) (relying on Forms 4 to assess argument that "sales that occurred during the class period were not unusual as compared to the prior history of sales").[3]

As documents publicly filed with the SEC under penalty of perjury, courts may take judicial notice of Forms 4 and their contents.  *See, e.g., Hecker*,  556 F.3d at 583  (district court properly considered prospectus attached to defendant's motion to dismiss because it was a publicly available document); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) ("[W]hen a district court decides a motion to dismiss a complaint alleging securities fraud, it may review and consider public disclosure documents required by law to be and which actually have been filed with the SEC") (internal citation omitted); *Selbst*, 2005 WL 2319936, at *1 n.4 (holding "the Court may take judicial notice of SEC filings without converting a motion

---

[3] *See also In re Huntington Bancshares Inc. Sec. Litig.*, 2009 WL 4666455, at *17 (S.D. Ohio Dec. 4, 2009) (considering Forms 4 attached to defendant's motion to dismiss in weighing competing inferences of scienter and granting motion to dismiss); *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 268, 271 n.5 (S.D.N.Y. 2009) (taking judicial notice of facts contained in SEC filings for the truth of the matters asserted therein when considering defendants' stock sale patterns); *In re Sina Corp. Sec. Litig.*, 2006 WL 2742048, at *11 (S.D.N.Y. Sept. 26, 2006) (same); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) (considering the facts contained in Forms 4 and 5 attached to defendants' motion to dismiss when considering whether defendants' sales were unusual); *In re Keyspan Corp. Sec. Litig.*, 383 F. Supp. 2d 358, 382-83 (E.D.N.Y. 2003) (considering publicly filed records to determine how much stock was sold during the relevant time period); *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1219 (N.D. Cal. 2000) ("The Court may consider SEC filings and the officers' exercisable (or vested) stock options in evaluating the percentage of stock sales, not just the shares actually owned.").

to dismiss to a motion for summary judgment"); *see also In re Career Educ. Corp.*, 2007 WL 1029092, at *1 n.5 (N.D. Ill. Mar. 29, 2007) (same); *In re Midway Games, Inc. Sec. Litig.*, 332 F. Supp. 2d 1152, 1155 n.1 (N.D. Ill. 2004) (same); *Stavros*, 266 F. Supp. 2d at 844 (same).

In fact, several courts have held that the facts contained in Forms 4 trump any contrary allegations in the complaint. *See, e.g., In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 271 n.5 (S.D.N.Y. 2009) (considering SEC filings and concluding that defendants' sales "constituted a substantially smaller portion of their holdings than Plaintiffs allege"); *see also In re Sina Corp. Sec. Litig.*, 2006 WL 2742048, at *11 (S.D.N.Y. Sept. 26, 2006) (disregarding plaintiffs' allegations of unusual trading activity to the extent the allegations were "contradicted by the facts" contained in the defendant's SEC filings attached to defendants' motion to dismiss).[4]  Accordingly, there is no merit to plaintiff's argument that the Court may not consider the contents of the Forms 4 for the purpose of making factual determinations concerning the individual defendants' stock sales, particularly given that plaintiff fails to point to any facts alleged in the complaint that are inconsistent with the Forms 4.

---

[4] *See also In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d at 561 (disregarding plaintiffs' conclusory allegations that defendants' stock trades were unusual where the Forms 4 and 5 attached to defendants' motion to dismiss showed a "consistent pattern of trading"); *In re Keyspan Corp. Sec. Litig.*, 383 F. Supp. 2d at 382-83 (disregarding plaintiff's allegation that the individual defendants sold "all or substantially all" of their stock holdings where the trading information contained in the publicly filed records of the individual defendants showed that they sold less than 20% of their available holdings); 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1363 (3d ed. 2004) ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading."). The cases cited by plaintiff discussing Forms 4 are distinguishable or have been misinterpreted by plaintiff. *See Tellabs*, 551 U.S. at 314 (Forms 4 not at issue); *White v. Marshall*, 2009 WL 5205441, at *8 (E.D. Wis. Dec. 23, 2009) (Forms 4 not at issue; court declined to take judicial notice of a nondisclosure agreement because it was not a public document); *In re Thornburg Mortg., Inc. Sec. Litig.*, 2009 WL 5851089, at *4 (D.N.M. Dec. 21, 2009) (Forms 4 not relevant because plaintiffs did not allege insider trading); *George v. Kraft Foods*, 2009 WL 4884027, at *4, *8 (N.D. Ill. Dec. 17, 2009) (considering documents filed with the SEC to determine whether statute of limitations applied); *Wieland v. Stone Energy Corp.*, 2007 WL 433161, at *3 (W.D. La. Feb 5, 2007) (holding that information contained in Forms 4 was admissible); *In re Adaptive Broadband Sec. Litig.*, 2002 WL 989478, at *7, *15, *20 (N.D. Cal. Apr. 2, 2002) (Forms 4 irrelevant because complaint did not allege insider sales); *In re Apple Computer, Inc.*, 243 F. Supp. 2d 1012, 1024 n.4 (N.D. Cal. 2002) (defendants did not submit documents underlying summaries). *Patel v. Parnes*, 253 F.R.D. 531 (C.D. Cal. 2008) is not binding on the Court.

Plaintiff is also mistaken in attempting to limit the time period for which the Court may consider the Forms 4 to only the alleged class period—roughly 10 months during 2008. The Seventh Circuit has held that, in order to establish an inference of scienter, a plaintiff *must* allege "facts that would allow an assessment of whether the trading during the class period was unusual or suspicious," in other words, "context showing that the applicable time period was unusual." *Pugh v. Tribune Co.*, 521 F.3d 686, 695 (7th Cir. 2008); *see also Higginbotham v. Baxter Int'l., Inc.*, 495 F.3d 753, 759 (7th Cir. 2007) ("Managers sell stock all the time . . . [if] managers sell blocs during the average month, plaintiffs can't get any mileage out of what happened in April."). It is plaintiff's burden to plead "sufficient context of insider trading for [the Court] to determine whether the level of trading is dramatically out of line with prior trading practices." *Ronconi v. Larkin*, 253 F.3d 423, 436-37 (9th Cir. 2001) (internal quotation omitted).

For those reasons, district courts readily consider Forms 4 showing trades made *outside* of the alleged class period in order to assess whether trading during the class period is suspicious or unusual within context. *See, e.g.*, *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1105 (N.D. Cal. 2006) ("stock sales during the Class Period must be considered in light of [defendant's] trading history"); *Malin*, 499 F. Supp. 2d at 151 (relying on fact that defendants "sold significantly more stock in the twenty-two month period prior to the [class period] than they did during it"); *see also In re Sina Corp. Sec. Litig.*, 2006 WL 2742048, at *11; *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004).

Because the Forms 4 are properly considered, the Court may also consider the summary of the forms that Anixter has submitted for the Court's convenience. Reliance on summary charts of stock sales and similar data is commonplace in orders dismissing securities fraud cases. *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 613 n.35 (S.D. Tex. 2003) (relying on "chart summarizing proxy statement holdings disclosures" prepared by defendants); *Malin*, 499 F. Supp. 2d at 134 (refusing to strike "graphs, charts and tabulations"

prepared by defendants to summarize "voluminous data") (internal quotations omitted).  Plaintiff alleges no inaccuracy in the summary, and all of the data reflected in the summary is taken directly from the Forms 4 themselves, which are included in the exhibit.  *Cf.* FED. R. EVID. 1006. Accordingly, to the extent the Court finds it useful, it may consider the Forms 4 summary chart.

### C.    The Court May Properly Consider the Stock Price Graph (Exhibit E).

Plaintiff next challenges the stock price graph that Anixter attached as Exhibit E. Plaintiff concedes that the Court may consider the stock price *data* set out in the first eight pages of defendants' Exhibit E.  (*See* Motion to Strike at 8 n.4.)  But plaintiff contends that the Court may not consider the graphical representation of the *same data* in standard stock-chart form. Courts, however, do not agree.  *See, e.g., In re Corning Sec. Litig.*, 2004 WL 1056063, at *28 (W.D.N.Y. Apr. 9, 2004) (considering defendants' graph summarizing stock closing prices on a motion to dismiss); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 880 (W.D.N.C. 2001) (citing to stock price chart attached to defendants' motion to dismiss).  Plaintiff does not contend that the stock graph is inaccurate.

In any event, plaintiff included its own stock price graph in its complaint (Cmplt. ¶ 121), and, if the Court prefers, it may consider that graph.

### D.    The Court May Properly Consider the October 23, 2007 Transcript (Exhibit G).

Plaintiff next targets a transcript of an earning conference call held by Anixter on October 23, 2007, attached to the motion to dismiss as Exhibit G.  Plaintiff admits that the Court may "consider the full text" of four *other* earnings call transcripts, conceding that there is nothing improper about considering such transcripts on a Rule 12(b)(6) motion.  (Motion to Strike at 12.)[5]  What distinguishes the October 23, 2007 transcript, according to the plaintiff, is that this

---

[5] *See also Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1280 (S.D. Fla. 2008) (considering transcripts of investor conference calls on motion to dismiss even though transcripts were not attached to complaint); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004)

transcript "was not referred to in the Complaint and is not central to plaintiff's claims." (*Id.* at 8.)  Plaintiff is incorrect.

Plaintiff contends that the "*core* of plaintiff's claims" is an alleged "organic growth projection of 8-12%" that Anixter made "without a reasonable basis." (Resp. at 14, emphasis added.)  In particular, plaintiff alleges that, "[a]s early as mid-2007, defendants began telling investors that, despite declining economic conditions, Anixter expected to achieve organic revenue growth of 8% to 12% and gross margins of 24% in 2008." (Cmplt. ¶ 42.)  Plaintiff builds upon and repeatedly references this allegation throughout the complaint. (*See id.* ¶¶ 4, 6, 15, 57, 64, 82, 95, 108.)  But, remarkably, plaintiff nowhere *quotes* and nowhere *identifies* the specific statement made by Anixter in 2007 supposedly communicating an "organic growth projection of 8-12%" for 2008.

This is artful pleading and is not permitted in a securities fraud case.  Having put the alleged "8 to 12%" statement from 2007 at the "core" of its complaint, plaintiff may not prevent the Court from reviewing the actual statement the context in which it was made:

- "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (Alito, J.)

- "Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir 1991)

- "On a Motion to Dismiss, documents crucial to the plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to

---

(taking judicial notice of conference call transcripts on motion to dismiss because referenced in complaint).  The cases cited by plaintiff are distinguishable and/or misinterpreted by plaintiff. *See In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586, at *8 (E.D. Pa. Aug. 9, 2007) (plaintiff's claims were not based on the transcripts, and defendants offered the transcripts to explain accounting mistake, not to put statements made therein in context); *In re Neopharm, Inc. Sec. Litig.*, 2003 WL 262369 (N.D. Ill. Feb. 7, 2003) (plaintiff disputed accuracy of transcripts, and author and source of transcripts was unknown).

documents upon which their claims are based." *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003)

- "[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2004)

- "The Complaint did not mention the prospectuses, but these were publicly available documents and thus relevant to the question of disclosure." *Hecker*, 556 F.3d at 583 (district court properly considered documents not mentioned or expressly referenced in complaint); *see also Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002) (district court properly considered a document not referenced in the complaint that defendant contended was part of the contract at issue).

In *Burlington Coat Factory*, for example, the complaint referenced certain cost data without attribution or citation. *In re Burlington*, 114 F.3d at 1426. The Third Circuit held that even though the complaint did not expressly refer to the annual report upon which the cost data was based, "it was reasonable for the district court to have looked to the 1994 Annual Report that defendants provided" in order to consider the context in which the statements at issue were made. *Id.*

The same principles apply here. Plaintiff expressly relies on an alleged 2007 statement concerning "organic revenue growth of 8 to 12%" throughout its complaint, but does not quote the statement and does not provide the underlying document for the Court to examine in context. This alleged 2007 statement is "core" to plaintiff's complaint—plaintiff does not identify any other statement that allegedly predicted "8 to 12% growth" for the year 2008. And, tellingly, plaintiff does not deny that the October 23, 2007 transcript *is* the source of the statement.

Indeed, those principles are particularly important here because the 2007 "8 to 12% growth" statement shown in Exhibit G contained important caveats and qualifications— cautionary statements "relevant to the question of disclosure," *Hecker*, 556 F.3d at 583, that plaintiff understandably wishes to avoid. Plaintiff, however, may not avoid the actual statement

and the accompanying information merely by refusing to cite or identify the statement with particularity in its pleading.  The exhibit is appropriate and necessary for this Court to analyze the challenged statements in accordance with Rule 9(b) and the PSLRA.[6]

### E.     The Court May Properly Consider the Challenged SEC Filings (Exhibits B, C, F, H, N, T, U, and V).

There is no merit to plaintiff's argument that the Court may not consider Exhibits B, C, F, H, N, T, U, and V, which are publicly available documents filed with the SEC.  As shown, though these documents were not expressly referenced in the complaint, courts may take judicial notice of publicly filed documents on a motion to dismiss even if not referenced in the complaint.  (*See supra* cases cited in Part II-B.)

Indeed, plaintiff acknowledges that the "existence, date, and contents of SEC filings might be public record."  (Motion to Strike at 11.)  Plaintiff erroneously argues, however, that the Court cannot consider any facts contained in the exhibits.  (*Id.*)  That is not correct; courts routinely take judicial notice of the facts alleged in documents filed with the SEC, especially in securities fraud cases.  *See, e.g., Selbst*, 2005 WL 2319936, at *1 n.4 (considering the facts contained in defendant's SEC filings); *Redding*, 1995 WL 410922, at *2 (court may take judicial notice of facts contained in SEC filings); *see also In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969, 988 n.7, 989 n.8 (E.D. Wis. 2009) (taking judicial notice of facts contained in earnings conference call transcripts and other documents attached to defendants' briefs); *In re Cree Sec. Litig.*, 2005 WL 1847004, at *5 n.9 (M.D.N.C. Aug. 2, 2005) (taking judicial notice of

---

[6] The cases cited by plaintiff are distinguishable and/or misinterpreted by plaintiff.  *See In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586, at *8 (plaintiff's claims were not based on the transcripts, and defendants offered the transcripts to explain accounting mistake, not to put statements made therein in context); *In re Neopharm, Inc. Sec. Litig.*, 2003 WL 262369 (plaintiff disputed accuracy of transcripts, and author and source of transcripts was unknown).

facts contained in registration statement filed with the SEC on Form S-3); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d at 876, 882, 895.[7]

In fact, where SEC filings contain unchallenged audited financial information that undermines a plaintiff's claims, courts have considered those undisputed results. *See, e.g., Stavros*, 266 F. Supp. 2d at 849 (considering Form 8-K filings to determine that defendant "performed well during the first half of 2001, chipping away at Plaintiff's argument that Defendants knew the projections would not be met"); *see also Andropolis v. Red Robin Gourmet Burgers, Inc.*, 505 F. Supp. 2d 662, 677 n.7 (D. Colo. 2007) (considering contents of press release to determine that defendant met its earnings guidance); *In re Petco Animal Supplies Inc. Sec. Litig.*, 2005 WL 5957816, at *23 (S.D. Cal. Aug. 1, 2005) (considering contents of Form 10-K to determine that defendant had 49 consecutive quarters of profit); *In re Hall, Kinion & Assocs., Inc., Sec. Litig.*, 2000 WL 1639503, at *1-2 (N.D. Cal. Oct. 27, 2000) (determining defendant's revenue growth by reference to materials submitted in support of defendants' motion to dismiss); *Renz v. Shreiber*, 832 F. Supp. 766, 778 (D.N.J. 1993) (considering Form 10-Q attached to defendant's motion to dismiss to determine defendant's "actual financial results for the third quarter" and concluding that "defendants' optimistic projections were all but borne out").

---

[7] In *In re First Union Corp.*, for example, the court took judicial notice of the following facts for the truth of the matters asserted from First Union's public SEC filings, which defendants attached as exhibits to their motion to dismiss:  (1) that "First Union is the nation's sixth largest bank with assets of over $237 billion," *id*. at 876 (citing Form 10-K); (2) that First Union had "achieved that growth in large part due to acquisitions," *id*. (citing Form 10-K); (3) that "[s]ince 1985, First Union has completed nearly eighty acquisitions, as the Company grew from 5,000 to more than 75,000 employees," *id*. (citing Form 10-K); (4) that "[i]n 1999 . . . First Union changed its method of accounting so that a loss was recorded only when the securities were deemed to be impaired," *id*. at 882 (citing Form 10-K); (5) that "First Union took a $198 million impairment loss in the First Quarter of 1999 and a $60 million impairment loss in the Third Quarter of 1999, *id*. (citing Forms 10-Q); (6) that "[f]or fiscal 1998, the Company reported operating earnings before and after merger-related and restructuring charges of $3.7 billion and $2.9 billion, respectively," *id*. at 895 (citing Form 10-K); and (7) that "[t]he alleged $79 million understatement of losses amounts to a mere 2.1 percent of operating earnings and 2.8 percent of earnings after such charges," *id*.

Plaintiff also is incorrect in arguing that the documents are not subject to judicial notice because they raise "factual questions" as to plaintiff's claims.  Plaintiff fails to cite even a single disputed "factual question" raised by these publicly filed documents.  Moreover, plaintiff does not contest the accuracy of any of the facts contained in the exhibits, including the revenue figures and stock option grants disclosed in the exhibits.  Accordingly, there is no basis for plaintiff's argument that the exhibits raise "factual questions."  *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (recognizing that courts may take notice of items in the public record that are not disputed by the parties when considering motions to dismiss).

Although plaintiff complains that defendants have not specifically cited to Exhibits F and U, which were included for context, plaintiff fails to cite any authority for its argument that this "alone justifies their exclusion."  (Motion to Strike at 11.)  To the extent the Court does not find those documents helpful, it may not consider them.[8]

**F.**     **The Court May Properly Consider the Content of the Materials Referenced in the Complaint (Exhibits I, J, K, L, M, O, P, Q, R, and S).**

Plaintiff erroneously argues that the Court may not consider the financial results and other facts contained in Exhibits I, J, K, L, M, O, P, Q, R, or S.  As an initial matter, plaintiff concedes that these materials are referenced in the complaint and that "the Court may consider

---

[8] The cases cited by plaintiff regarding judicial notice of SEC filings are distinguishable or do not support plaintiff's position.  *See Hennessy v. Pentril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (trial judge declined to take judicial notice of a SEC filing that contradicted witness testimony); *Panasuk v. Steel Dynamics*, 2009 WL 5176193, at *6 (N.D. Ind. 2009) (holding that court could consider conference call transcript and Form 10-K because those documents were referenced extensively in the complaint and formed the essence of plaintiffs' case); *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1091 (N.D. Cal. 2007) (declining to consider press releases and SEC filings when plaintiffs argued that the documents themselves were not always accurate); *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 (N.D. Ohio 2004) (stating that although certain SEC filings may not be incorporated by reference under facts of the case, some were appropriate for judicial review); *In re Sprint Corp. Sec. Litig*, 232 F. Supp. 2d 1193, 1212 (D. Kan. Sept. 30, 2002) (finding it appropriate to consider multiple documents attached to 12(b)(6) motion, including press release that contained "a cautionary statement" relevant to the dispute).  *In re Shopko Sec. Litig.* is non-binding on the Court and has not been cited by any court regarding what matters may be considered on a motion to dismiss.  2002 WL 32003318 (E.D. Wis. Nov. 5, 2002).

the full text of these documents." (Motion to Strike at 12.) Therefore, the exhibits should not be stricken and the Court should consider them, at a minimum, for the context of Anixter's statements and disclosures during the relevant period. *Hecker*, 556 F.3d at 583.

Plaintiff instead argues that the Court may not consider the facts reported in these exhibits, such as audited financial results or the basic structure and size of Anixter's business lines. As shown above, however, Courts routinely take such matters into consideration, particularly where there is no contrary allegation in the complaint. *See, e.g., Andropolis*, 505 F. Supp. 2d at 677 n.7; *In re Petco Animal Supplies Inc. Sec. Litig.*, 2005 WL 5957816, at *23; *Stavros*, 266 F. Supp. 2d at 849; *In re Hall, Kinion & Assocs., Inc., Sec. Litig.*, 2000 WL 1639503, at *1-2; *Renz*, 832 F. Supp. at 778. Each document may be appropriately considered.

### G. The Court Should Not Convert the Motion to Dismiss into a Motion for Summary Judgment.

For the reasons set forth above, the Court may properly consider all of the materials attached to defendants' motion to dismiss. However, to the extent the Court concludes otherwise, the Court should simply disregard any exhibits it finds objectionable and should not convert defendants' motion to dismiss into one for summary judgment. Plaintiff presumably seeks such a conversion in order to undermine the PSLRA's mandatory discovery stay, which prohibits plaintiff from conducting discovery until the Court has ruled upon defendants' motion to dismiss, but plaintiff should not be permitted to undermine the PSLRA's directive in that manner. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."); *see also In re Credit Acceptance Corp. Sec. Litig.*, 50 F. Supp. 2d 662, 670 (E.D. Mich. 1999) (refusing conversion after finding

exhibit inappropriate because "[c]onverting this motion into a motion for summary judgment would undermine the provisions of Congress's Private Securities Litigation Reform Act").

## III.    Conclusion

Plaintiff will not be prejudiced by the Court's consideration of any of the exhibits attached to defendants' motion to dismiss.  The exhibits are primarily SEC filings and other publicly available documents of which plaintiff has at all times been aware.  The Court may take judicial notice of those exhibits.  The remaining documents at issue are either summary exhibits, demonstrative exhibits, or concern matters referenced in the complaint that are central to plaintiff's claims.  Those too may properly be considered by the Court.  While defendants' motion to dismiss is not dependant on any of the exhibits, to the extent the Court finds the exhibits useful, it should consider them.

WHEREFORE, for the reasons set forth above, the Court should deny plaintiff's motion to strike.

Respectfully submitted,

Anixter International, Inc., Robert J. Eck, Dennis J. Letham and Robert Grubbs

By:  _/s/ David J. Bradford_____

Dated:  April 5, 2010

David J. Bradford (Illinois Bar #272094)
Howard S. Suskin (Illinois Bar #6185999)
Daniel J. Weiss (Illinois Bar #6256843)
Marc D. Sokol (Illinois Bar #6276263)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois  60654
(312) 222-9350