UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:09-cv-05641 |
| vs. | ) ) | Judge Robert M. Dow, Jr. |
| ANIXTER INTERNATIONAL INC., et al., | ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXTRINSIC EVIDENCE ATTACHED TO THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CONVERT DEFENDANTS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .........................................................................................................1

II.     DOCUMENTS REFERRED TO IN THE COMPLAINT ...................................................3

III.    DOCUMENTS NOT REFERRED TO IN THE COMPLAINT .........................................5

        A.      Exhibit A – Defendants' Summary of Their Misrepresentations and Additional Arguments...............................................................................5

        B.      Exhibit D – Forms 4 and Defendants' Chart of Insider Trades ..............................6

        C.      Exhibit E – Stock Price Graph ...............................................................................9

        D.      Exhibit G – October 23, 2007 Conference Call Transcript .....................................9

        E.      Exhibits B, C, F, H, N, T, U and V – Anixter's SEC Filings ................................11

IV.    CONSIDERATION OF DEFENDANTS' OFFENDING EXHIBITS CONVERTS THEIR MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT ...............................................................................................................13

V.      CONCLUSION.............................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*188 LLC v. Trinity Indus. Inc.*,
   300 F.3d 730 (7th Cir. 2002) .............................................................................1, 5, 9, 10

*ABN AMRO, Inc. v. Capital Int'l Ltd.*,
   No. 04 C 3123, 2007 WL 845046
   (N.D. Ill. Mar. 16, 2007) .................................................................................................6

*Andropolis v. Red Robin Gourmet Burgers, Inc.*,
   505 F. Supp. 2d 662 (D. Colo. 2007) .............................................................................11

*Collins v. Cook County*,
   No. 06 CV 6651, 2008 WL 4925009
   (N.D. Ill. Nov. 14, 2008) .................................................................................................2

*Dutton v. D&K Healthcare Res.*,
   No. 4:04CV147 SNL, 2006 WL 1778884
   (E.D. Mo. June 23, 2006) .................................................................................................7

*E.E.O.C. v. Creative Networks, LLC*,
   No. CV 05 3032 PHX SMM,
   2006 WL 3834286 (D. Ariz. Dec. 29, 2006) ....................................................................4

*GE Capital Corp v. Lease Resolution Corp.*,
   128 F.3d 1074 (7th Cir. 1997) ....................................................................................1, 10

*George v. Kraft Foods Global, Inc.*,
   674 F. Supp. 2d 1031, No. 08 C 3799,
   2009 WL 4884027 (N.D. Ill. Dec. 17, 2009) ........................................................... *passim*

*Hecker v. Deere & Co.*,
   556 F.3d 575 (7th Cir. 2009) .......................................................................................2, 10

*In re Bristol-Myers Squibb Sec. Litig.*,
   312 F. Supp. 2d 549 (S.D.N.Y. 2004) ..............................................................................8

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ...........................................................................................9

*In re Cree, Inc. Sec. Litig.*,
   No. 1:03CV00549, 2005 WL 1847004
   (M.D.N.C. Aug. 2, 2005) ...............................................................................................11

**Page**

*In re First Union Corp. Sec. Litig.*,
    128 F. Supp. 2d 871 (W.D.N.C. 2001) ...........................................................................11

*In re Gildan Activewear, Inc. Sec. Litig.*,
    636 F. Supp. 2d 261 (S.D.N.Y. 2009) ...............................................................................8

*In re Graphics Processing Units Antitrust Litig.*,
    540 F. Supp. 2d 1085 (N.D. Cal. 2007) ....................................................................10, 11

*In re Hall, Kinion & Assocs., Inc., Sec. Litig.*,
    No. C 99-02943 WHA, 2000 WL 1639503
    (N.D. Cal. Oct. 27, 2000) ..................................................................................................12

*In re Harley Davidson, Inc. Sec. Litig.*,
    660 F. Supp. 2d 969 (E.D. Wis. 2009) .............................................................................11

*In re K-tel Int'l., Inc. Sec. Litig.*,
    300 F.3d 881 (8th Cir. 2002) ..............................................................................................7

*In re KeySpan Corp. Sec. Litig.*,
    383 F. Supp. 2d 358 (E.D.N.Y. 2003) ...............................................................................8

*In re Neopharm, Inc. Sec. Litig.*,
    No. 02 C 2976, 2003 WL 262369
    (N.D. Ill. Feb. 7, 2003) .....................................................................................................10

*In re Petco Animal Supplies Inc. Sec. Litig.*,
    No. 05-CV-0823-H (RBB), 2005 WL 5957816
    (S.D. Cal. Aug. 1, 2005) ...................................................................................................11

*In re Shopko Sec. Litig.*,
    No. 01-C-1034, 2002 WL 32003318
    (E.D. Wis. Nov. 5, 2002) ...............................................................................................3, 4

*In re Spyglass, Inc., Sec. Litig.*,
    No. 99 C 512, 1999 WL 543197
    (N.D. Ill. July 21, 1999) .....................................................................................................8

*In re Tut Sys. Sec. Litig.*,
    No. C 01-02659 CW, 2002 U.S. Dist. LEXIS 27092
    (N.D. Cal. Aug. 15, 2002) ..................................................................................................7

*In re Vantive Corp. Sec. Litig.*,
    110 F. Supp. 2d 1209 (N.D. Cal. 2000),
    *aff'd*, 283 F.3d 1079 (9th Cir. 2002) ................................................................................8

518100_1

Page

*King v. Enter. Rent-A-Car Co.*,
231 F.R.D. 255 (E.D. Mich. 2004) ...............................................................5

*Kramer v. Time Warner, Inc.*,
937 F.2d 767 (2d Cir. 1991)................................................................9, 10

*Levenstein v. Salafsky*,
164 F.3d 345 (7th Cir. 1998) .....................................................................1

*Loeb Indus. v. Sumitomo Corp.*,
306 F.3d 469 (7th Cir. 2002) ...................................................................13

*Lovelace v. Software Spectrum*,
78 F.3d 1015 (5th Cir. 1996) ....................................................................12

*Malin v. XL Capital Ltd.*,
499 F. Supp. 2d 117 (D. Conn. 2007),
*aff'd*, 2009 U.S. App. LEXIS 3923 (2d Cir. 2009).........................................8

*McCready v. eBay, Inc.*,
453 F.3d 882 (7th Cir. 2006) .....................................................................1

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008) ............................................................3, 8

*Redding v. Freeman Products, Inc.*,
No. 94 C 398, 1995 WL 410922
(N.D. Ill. July 10, 1995)...........................................................................11

*Renz v. Schreiber*,
832 F. Supp. 766 (D.N.J. 1993) ...............................................................11

*Riggs Partners, LLC. v. Hub Group, Inc.*,
No. 02 C 1188, 2002 WL 31415721
(N.D. Ill. Oct. 25, 2002)...........................................................................12

*Rosenblum v. Travelbyus.com Ltd.*,
299 F.3d 657 (7th Cir. 2002) ...................................................................10

*Selbst v. McDonald's Corp.*,
No. 04 C 2422, 2005 WL 2319936
(N.D. Ill. Sept. 21, 2005) .........................................................................11

*Stavros v. Exelon Corp.*,
266 F. Supp. 2d 833 (N.D. Ill. 2003) .......................................................12

**Page**

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)........................................................................................2, 7, 12

*Tommaseo v. United States*,
    75 Fed. Cl. 799 (2007) ...................................................................................5

*United States ex rel. K & R Ltd. P'ship v. Massachusetts Housing Finance Agency*,
    456 F. Supp. 2d 46 (D.D.C. 2006),
    *aff'd*, 530 F.3d 980 (D.C. Cir. 2008) ...........................................................5

*Western Pennsylvania Electrical Employees Pension Trust v. Plexus Corp*,
    No. 07C0582, 2009 WL 604276
    (E.D. Wis. Mar. 6, 2009) ...............................................................................8

*Western Washington Laborers- Employers Pension Trust v. Panera Bread Co.*,
    No. 4:08CV00120 ERW, 2009 WL 1812829
    (E.D. Mo. June 25, 2009)...........................................................................8, 13

*White v. Marshall*,
    __ F. Supp. 2d __, No. 07-CV-892, 2009 WL 5205441
    (E.D. Wis. Dec. 23, 2009)...........................................................................3, 12

*Wietschner v. Monterey Pasta Co.*,
    294 F. Supp. 2d 1102 (N.D. Cal. 2003) ......................................................10

**RULES**

Federal Rules of Civil Procedure
    Rule 12(d) ....................................................................................................13
    Rule 201 .........................................................................................................8
    Rule 201(b) ............................................................................................ *passim*

17 C.F.R.
    §240.10b-5 .....................................................................................................4

518100_1

## I.       INTRODUCTION

The exhibits defendants filed in support of their Memorandum in Support of Defendants'

Motion to Dismiss Amended Complaint (Doc. #44) ("MTD") are based on the erroneous premise

that *any* Anixter SEC filing or other document created by counsel is relevant to plaintiff's claims and

should be considered on a motion to dismiss.   In the Seventh Circuit, a court may consider

documents attached to a motion to dismiss *only* (i) "if they are referred to in the plaintiff's complaint

*and* are central to his claim[s],"[1] *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002);

*McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (same); or (ii) if they are subject to

judicial notice – that is, matters of "public record" relevant to determining the sufficiency of the

complaint that are "not subject to reasonable dispute" and "whose accuracy cannot reasonably be

questioned."[2]  Fed. R. Evid. 201(b); *GE*, 128 F.3d at 1080.  Here, the majority of the exhibits, as

proffered by defendants, do not fall under these "narrow exception[s]."   *188 LLC*, 300 F.3d at 735;

*GE*, 128 F.3d at 1080.

Defendants also argue that Anixter's SEC filings should be judicially noticed for the truth of

the matters stated therein.  Where, as here, the accuracy of Anixter's SEC filings can "reasonably be

questioned" and is "subject to . . . dispute" (Fed. R. Evid. 201(b)), the Court may take judicial notice

of the *existence* of the documents, but "cannot take judicial notice of the truth of the matters asserted

---

[1]       "[T]his is a narrow exception aimed at cases interpreting, for example, a contract.  It is *not* intended
to grant litigants license to ignore the distinction between motions to dismiss and motions for summary
judgment . . . ." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (all emphasis is added and citations
omitted throughout unless otherwise stated).

[2]       "Judicial notice is premised on the concept that certain facts or propositions exist which a court may
accept as true without requiring additional proof from the opposing parties.  It is an adjudicative device that
substitutes the acceptance of a *universal truth* for the conventional method of introducing evidence. . . .
*Judicial notice, therefore, merits the traditional caution it is given*, and courts should strictly adhere to the
criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *GE
Capital Corp v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

in the document[s]." *Collins v. Cook County*, No. 06 CV 6651, 2008 WL 4925009, at *7 (N.D. Ill. Nov. 14, 2008). Thus, the Court "may take 'judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain, but ***not*** for the proof of the facts stated therein.'" *George v. Kraft Foods Global, Inc.*, 674 F. Supp. 2d 1031, No. 08 C 3799, 2009 WL 4884027, at *8 (N.D. Ill. Dec. 17, 2009).

The Seventh Circuit's recent decision in *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), which defendants claim "affirm[s]" their position (Defs.' Opp. at 1),[3] affirms these well-established standards. There, the Seventh Circuit held that a district court did not err by considering SEC filings and other investment documents that were "explicitly refer[ed] to" in the complaint and "central to plaintiffs' case," were "concededly authentic" and were "publicly available," for the "limited purpose" of determining what disclosures the defendants made and when. *Hecker*, 556 F.3d at 582-83. Here, too, the Court may consider Anixter's SEC filings "explicitly refer[ed] to" in the complaint, "central to plaintiffs' case," and "publicly available" for the "limited purpose" of determining what disclosures defendants made and when. *Id.* at 583.

Ultimately, in considering defendants' motion to dismiss, the Court "***must . . . accept all factual allegations in the complaint as true***," and any competing inferences defendants seek to have the Court draw must be "rationally drawn ***from the facts alleged***," not from outside arguments and materials. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314, 322 (2007). Defendants' submission and use of their exhibits violates these standards.

---

[3]     All references to "Defs.' Opp." refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Strike (Doc. #54).

## II.      DOCUMENTS REFERRED TO IN THE COMPLAINT

While defendants claim that "most" of their exhibits "are expressly or implicitly referenced in the complaint," less than half actually are.  Defs.' Opp. at 2.  Only Exhibits I, J, K, L, M, O, P, Q, R and S (10 of 22 exhibits) are referred to in the complaint.[4]  As set forth in plaintiff's Motion to Strike,[5] the Court may consider the full text of these documents to provide the appropriate context for defendants' false and misleading statements during the class period.  MTS at 12.  The Court, however, may ***not*** consider these exhibits to make factual determinations in defendants favor, as defendants suggest.  *White v. Marshall*, __ F. Supp. 2d __, No. 07-CV-892, 2009 WL 5205441, at *8 (E.D. Wis. Dec. 23, 2009); *In re Shopko Sec. Litig.*, No. 01-C-1034, 2002 WL 32003318, at *1-*2 (E.D. Wis. Nov. 5, 2002).

Undeterred, defendants argue that the Court should take judicial notice of these exhibits for their truth because "plaintiff fails to identify a single factual dispute that is raised by any exhibit." Defs.' Opp. at 2.  Defendants are simply mistaken, as plaintiff's Motion to Strike identifies several specific examples of defendants using these, and other, exhibits to make extrinsic factual assertions to support competing inferences – exhibits which plaintiff has unequivocally challenged as containing false and misleading statements, thus "subject to reasonable dispute."  *See* MTS at 3-4, 10, 12.  The truth of the matters stated in these documents "is not a proper subject of judicial notice." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008); *George*, 2009 WL 4884027, at *8.

---

[4]      These exhibits include SEC filings (Forms 10-Q, 10-K and 8-K), press releases and earnings conference call transcripts.

[5]      All references to "Motion to Strike" or "MTS" refer to Plaintiff's Memorandum of Law in Support of Motion to Strike Defendants' Extrinsic Evidence Attached to Their Motion to Dismiss or, in the Alternative, to Convert Defendants' Motion to Dismiss into a Motion For Summary Judgment (Doc. #49).

- 3 -

In *Shopko*, 2002 WL 32003318, at *1, defendants similarly argued that SEC filings and press releases referred to in the complaint should be judicially noticed for their truth. Under nearly identical facts, Judge Adelman rejected this argument:

> First, defendants argue that the SEC filings, press releases and newspaper articles are incorporated by reference into plaintiffs' complaint and, thus, are part of the complaint. . . . Here, defendants offer materials which do not supply the source for plaintiffs' claim that defendants violated Rule 10b-5. Rather, ***the documents are offered as evidence of whether defendants violated Rule 10b-5***. Considering such documents as part of the pleadings would greatly expand the "narrow exception" and eliminate the distinction between a motion for summary judgment and a motion to dismiss. . . . Thus, I ***reject*** defendants' first argument for consideration of the additional materials.
>
> Second, defendants argue that I can consider at least the SEC filings because they are appropriate for judicial notice. . . . Courts have taken judicial notice of SEC filings and considered them in ruling on motions to dismiss. . . . However, in these cases, the courts did ***not*** consider the SEC filings for the truth of the defendants' disclosures asserted therein; they considered them ***only*** to determine what disclosures the defendants made. . . . In the present case, defendants ask me to consider the filings as evidence of the time line of events at ShopKo, which the defendants described in their SEC filings. Thus, ***they ask me to consider the documents for the truth of the disclosures contained therein***, not as evidence of what disclosures defendants made. The cases defendants cite do not support application of the judicial notice rule under these circumstances. Therefore, defendants' second argument is also ***rejected***. I will consider ***only*** the allegations in the complaint.

*Id.* at *1-*2.

Indeed, as is often the case in securities fraud cases, discovery may reveal that these documents were ***not***, in fact, accurate. For this reason, and because "[t]he consequences of taking judicial notice are significant," courts should be very "cautious in taking judicial notice and . . . do so ***only*** when the 'matter [is] beyond reasonable controversy.'" *E.E.O.C. v. Creative Networks, LLC*, No. CV 05 3032 PHX SMM, 2006 WL 3834286, at *2 (D. Ariz. Dec. 29, 2006). Here, the only facts "capable of accurate and ready determination," absent discovery, are what statements the documents contain and when they were filed. Fed. R. Evid. 201(b); *George*, 2009 WL 4884027, at *8.

- 4 -

## III.     DOCUMENTS NOT REFERRED TO IN THE COMPLAINT

The remainder of defendants' exhibits (Exhibits A, B, C, D, E, F, G, H, N, T, U and V)[6] are

not "referred to in the plaintiff's complaint and . . . central to [its] claim[s]," and are not otherwise

properly considered on a motion to dismiss.  *188 LLC*, 300 F.3d at 735.

### A.     Exhibit A – Defendants' Summary of Their Misrepresentations and Additional Arguments

Exhibit A, which defendants admit is "in the nature of argument" (Defs.' Opp. at 4),

summarizes defendants' class period misrepresentations and sets forth additional arguments as to

why the statements were not false and misleading.  While this exhibit plainly contains arguments

outside the pleadings, defendants argue that the Court should nonetheless consider it as a "summary

document intended to assist the Court in evaluating the scores of statements quoted and challenged

in the complaint."  Defs.' Opp. at 3.  Although defendants would prefer it otherwise, the length of

the complaint does not allow defendants to circumvent Court-mandated page limits by submitting

additional arguments in the form of exhibits.  Such use of exhibits "is tantamount to additional

argument going to the merits . . . [and] is ***not*** a proper use of exhibits."  *King v. Enter. Rent-A-Car

Co.*, 231 F.R.D. 255, 265 (E.D. Mich. 2004).

The two cases defendants cite do not hold otherwise and are easily distinguishable.  *See*

Defs.' Opp. at 4.  In *Tommaseo v. United States*, 75 Fed. Cl. 799 (2007), a property case arising from

Hurricane Katrina damage, the court considered a map and four reports by non-parties and

government agencies prepared prior to the lawsuit that were "not offered as evidence, but as

demonstrative exhibits intended to help the court better understand the facts surrounding this case."

*Id.* at 806.  In *United States ex rel. K & R Ltd. P'ship v. Massachusetts Housing Finance Agency*,

---

[6]     These exhibits include charts and graphs created by counsel, additional arguments by defendants, SEC filings (Forms 10-Q, 10-K, 8-K and Proxy Statements), a press release and a conference call transcript.

456 F. Supp. 2d 46, 52-53 (D.D.C. 2006), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008), a *qui tam* action under the False Claims Act, the court considered a chart of the defendant's factual contentions, which "d[id] *not* present any information or argument that [wa]s not contained in [the defendant's] reply," *on a motion for summary judgment*.  Importantly, neither of these cases involved a party's submission of exhibits containing additional arguments on a motion to dismiss.

Indeed, defendants have cited *no cases* allowing for their use of Exhibit A.  In addition, here, plaintiff has established that it would be prejudiced by allowing defendants to submit 22 additional pages of argument.[7]  *See* MTS at 5.

Ultimately, there can be no dispute that Exhibit A is a document outside the pleadings.  *See ABN AMRO, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *3 (N.D. Ill. Mar. 16, 2007) ("The pleadings include the complaint, the answer, and any written instruments attached to the complaint as exhibits.").  There can also be no dispute that Exhibit A is not a "public record" subject to judicial notice.  *See* Fed. R. Evid. 201(b).  Thus, this exhibit is improper on a motion to dismiss, and the Court should strike it from defendants' motion.

### B.    Exhibit D – Forms 4 and Defendants' Chart of Insider Trades

Exhibit D contains a chart of insider trades created by counsel and numerous Forms 4 *not referred to in the complaint or central to plaintiff's claims*.  Defendants submitted these documents in an attempt to raise factual issues and have the Court draw a competing inference on scienter.

---

[7]    Defendants claim that plaintiff has not been prejudiced by their additional arguments because it submitted its own Exhibit 1 in response to Exhibit A.  As noted in plaintiff's Motion to Strike, Exhibit 1 is merely a response to defendants' Exhibit A, not additional argument.  MTS at 6 n.3.  Exhibit 1 does *not* contain additional arguments outside of plaintiff's opposition to defendants' motion to dismiss.  To the contrary, defendants' Exhibit A contains arguments on the merits found *only* in Exhibit A.  *See, e.g.,* MTD at 33 (relying solely to Exhibit A to make puffery argument).

- 6 -

MTD at 28 n.17, 30.   Any inference defendants seek to draw on scienter, however, must be "rationally drawn *from the facts alleged*."  *Tellabs*, 551 U.S. at 314.

Defendants argue that the Court should nonetheless take judicial notice of the chart and Forms 4 because the complaint alleges that defendants' sales were "unusual."  Defs.' Opp. at 7. "Whether a pattern of insider trading is unusual depends upon such factors as the timing of the sales, the percentage of stock holdings sold, the amount of profit derived from them, and the number of insiders selling."  *In re K-tel Int'l., Inc. Sec. Litig.*, 300 F.3d 881, 907 (8th Cir. 2002).  Here, plaintiff has sufficiently alleged that defendants' insider sales were unusual and suspicious based on the timing, amount and percentage of the sales.  ¶¶114-119.[8]  For example, the complaint alleges that defendant Grubbs sold 14,000 shares of Anixter stock on January 29, 2008, only *hours* after the stock price shot up due to defendants' false and misleading statements.  ¶116; *Dutton v. D&K Healthcare Res.*, No. 4:04CV147 SNL, 2006 WL 1778884, at *10 (E.D. Mo. June 23, 2006) (stock sales "on the heels of false positive financial statements" were "unusual and suspicious").  The complaint also alleges that defendants Eck, Grubbs and Letham sold significant amounts of Anixter stock between January 29, 2008 and September 15, 2008, at the *same time* they were making their false and misleading statements, at record prices as high as $74.63 – an astounding *$39.88 more* than shareholders received after the disclosure of defendants' fraud.  ¶117; *In re Tut Sys. Sec. Litig.*, No. C 01-02659 CW, 2002 U.S. Dist. LEXIS 27092, at *39 (N.D. Cal. Aug. 15, 2002) (allegations that defendants sold substantial portions of their holdings while "stock was trading at all-time highs, give rise to a strong inference of scienter").  Thus, while *defendants'* arguments are based on their chart and Forms 4 filed outside of the class period, plaintiff's claims are not.  *See In re Adaptive*

---

[8]      Paragraph references ("¶__" or "¶¶__") are to the Amended Class Action Complaint for Violations of Federal Securities Laws (Doc. #39).

*Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 WL 989478, at *20 (N.D. Cal. Apr. 2, 2002) (declining to take judicial notice of Forms 4 that were not relied upon in the complaint).[9]

In addition, even if the Court finds that it may consider defendants' Forms 4, it should not consider them for their truth.  "The truth of the content [of Form 4s], and the inference properly drawn from them . . . is ***not*** a proper subject of judicial notice under Rule 201."  *Patel*, 253 F.R.D. at 546.  While "SEC filings related to the Individual Defendants' stock trades . . . can be introduced 'for the purpose of determining what disclosures were or were not made, . . . the Court ***cannot*** consider them as proof of the actual activities or transactions which they purport to disclose.'" *Western Washington Laborers- Employers Pension Trust v. Panera Bread Co.*, No. 4:08CV00120 ERW, 2009 WL 1812829, at *1 (E.D. Mo. June 25, 2009).  Like other SEC filings, the only facts "capable of accurate and ready determination" at this stage of the proceedings are what statements the Forms 4 contain and when they were filed.  Fed. R. Evid. 201(b); *George*, 2009 WL 4884027, at *8.

Because defendants' chart of insider trades and Forms 4 filed outside the class period are not referred to in the complaint or relied upon by plaintiff's claims, the Court should strike these exhibits from defendants' motion.

---

[9]     Defendants cite a plethora of (mostly out-of-circuit) cases to support their argument, however, these cases mainly hold that, on a motion to dismiss, a court may consider Forms 4 ***that are referred to in the complaint and central to a plaintiff's claims***.  *See* Defs.' Opp. at 5-6, n.3, n.4; *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 131-32 (D. Conn. 2007), *aff'd*, 2009 U.S. App. LEXIS 3923 (2d Cir. 2009) (Forms 4 were "referenced in the [complaint] and therefore . . . properly incorporated by reference"); *Western Pennsylvania Electrical Employees Pension Trust v. Plexus Corp*, No. 07C0582, 2009 WL 604276 (E.D. Wis. Mar. 6, 2009) (Forms 4 formed the basis of plaintiff's claims); *In re Spyglass, Inc., Sec. Litig.*, No. 99 C 512, 1999 WL 543197, at *6 (N.D. Ill. July 21, 1999) (same); *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 271 n.5 (S.D.N.Y. 2009) (same); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) (same); *In re KeySpan Corp. Sec. Litig.*, 383 F. Supp. 2d 358, 382-83 (E.D.N.Y. 2003) (same); *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1219 (N.D. Cal. 2000) (same), *aff'd*, 283 F.3d 1079 (9th Cir. 2002).

- 8 -

C.      **Exhibit E – Stock Price Graph**

The stock price graph in Exhibit E is a purely gratuitous exhibit.  There can be no dispute that defendants' rendition of Anixter's stock price graph is not referred to in the complaint and is not subject to judicial notice.  *188 LLC*, 300 F.3d at 735; Fed. R. Evid 201(b).  Defendants recognize that plaintiff included a stock price graph in its complaint, and to the extent the stock price graph in Exhibit E differs from plaintiff's graph, the parties apparently agree that the Court should only consider plaintiff's graph.  *See* Defs.' Opp. at 8.

D.      **Exhibit G – October 23, 2007 Conference Call Transcript**

Defendants claim that an October 23, 2007 conference call transcript, although not referred to in the complaint and not subject to judicial notice, should nonetheless be incorporated into the complaint in its entirety because it contains one of defendants' many reiterations of their 8% to 12% organic growth guidance prior to the class period.  Defs.' Opp. at 9.

Contrary to defendants' suggestion, plaintiff's allegation that defendants first issued guidance of 8% to 12% organic growth in mid-2007 does ***not***, implicitly or explicitly, rely on the October 23, 2007 conference call transcript.  Defs.' Opp. at 10.  Rather, the complaint alleges that defendants first began telling investors that, despite declining economic conditions, Anixter expected to achieve organic revenue growth of 8% to 12% "[a]s early as mid-2007" – ***well before*** the October 23, 2007 conference call.  ¶42.  Defendants do not, and cannot, dispute that they first issued this guidance prior to October 23, 2007.

The cases defendants cite are distinguishable and inapposite.  *See* Defs.' Opp. at 9-10.  For example, in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), the Third Circuit held that it was reasonable for a court to consider a defendant's Annual Report because the complaint's allegations were "based" on data ***from that report***.  In *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), the Second Circuit held that a court could consider the full text of ***SEC***

- 9 -

*filings* that were *quoted* in the complaint "not to prove the truth of their contents but only to determine what the documents stated." *Id.* And in *Hecker*, the Seventh Circuit held that a court could consider *SEC filings* "relevant to the question of disclosure" for the "limited purpose" of determining what disclosures the defendants made. 556 F.3d at 583.[10]

Unlike those cases, here, plaintiff's claims are *not*, implicitly or explicitly, based the October 23, 2007 conference call transcript. Moreover, unlike the SEC filings in *Hecker* and *Kramer*, "[conference call] transcripts are *not* subject to judicial notice." *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2003 WL 262369, at *3 (N.D. Ill. Feb. 7, 2003). Thus, the Court has *no basis* for considering the October 23, 2007 conference call transcript. *188 LLC*, 300 F.3d at 735; *GE*, 128 F.3d at 1080.

In *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085 (N.D. Cal. 2007), defendants similarly accused plaintiffs of "selectively exclud[ing]" certain statements and argued that the court should take judicial notice of press releases and SEC filings not referred to in the complaint because the "plaintiffs *must have* gotten their information from them." *Id.* at 1091 (emphasis in original). Rejecting these arguments, the court explained:

> Defendants also ask that the Court take judicial notice of the full set of press releases issued by defendants *because they claim that plaintiffs have selectively excluded press releases that do not favor their position*.
>
> Plaintiffs respond by arguing that the press releases themselves are not always accurate. . . . Moreover, the press releases are not referenced in the complaint. Additionally, pulling in other press releases that may only be tangentially related to plaintiffs' allegations *goes outside the scope of the complaint*. Accordingly, defendants' request for judicial notice of the press releases is *DENIED*.

---

[10]     Defendants' other cases are similarly inapposite or misrepresented by defendants. *See Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (court took judicial notice of documents that were "clearly . . . referenced in the Complaint" and "crucial to the plaintiff's claims"); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002) (district court properly considered a contract in its entirety that formed the basis of the plaintiff's claims).

- 10 -

Defendants repeat the same argument with regard to SEC filings they present in their request for judicial notice. They are never referenced in the complaint but, according to defendants, *plaintiffs must have gotten their information from them*. And again, defendants wish to incorporate more SEC filings that were not referenced in the complaint. For the same reasons as the press releases, defendants' request for judicial notice is ***DENIED***.

*Id.* (emphasis in original and added).

Here, too, consideration of a conference call transcript not relied on by the complaint and "only be tangentially related to plaintiff's allegations goes outside the scope of the complaint." *Id.* Because the October 23, 2007 conference call transcript, and defendants' statements contained therein, are not, implicitly or explicitly, relied on by the complaint, the transcript is outside the pleadings and not properly considered on a motion to dismiss.

## E.    Exhibits B, C, F, H, N, T, U and V – Anixter's SEC Filings

Defendants argue that the Court should take judicial notice of Anixter's remaining SEC filings, which they concede "were not expressly referenced in the complaint," to support competing inferences and to decide factual issues in their favor.[11] Defs.' Opp. at 11. The Court, however, may

---

[11]    Again, defendants cite a string of case that are distinguishable or inapposite. For example, many of the cases defendants cite simply hold that a court may consider SEC filings that are *referred to in the complaint and central to plaintiff's claims*. *See* Defs.' Opp. at 11-12; *Selbst v. McDonald's Corp.*, No. 04 C 2422, 2005 WL 2319936, at *1 n.4 (N.D. Ill. Sept. 21, 2005) (considering SEC filings that were referred to in the complaint); *Renz v. Schreiber*, 832 F. Supp. 766, 778-80 (D.N.J. 1993) (same); *Andropolis v. Red Robin Gourmet Burgers, Inc.*, 505 F. Supp. 2d 662, 677 n.7 (D. Colo. 2007) (same); *In re Petco Animal Supplies Inc. Sec. Litig.*, No. 05-CV-0823-H (RBB), 2005 WL 5957816, at *1 (S.D. Cal. Aug. 1, 2005) (considering documents referred to in the complaint and subject to judicial notice, but *not* for the truth of the matters stated therein).

In addition, defendants cite numerous cases where, unlike here, defendants' exhibits *were not challenged*. *See* Defs.' Opp. at 11-12; *Redding v. Freeman Products, Inc.*, No. 94 C 398, 1995 WL 410922, at *2 (N.D. Ill. July 10, 1995) (in employment discrimination case where the accuracy of SEC filings was not questioned, the court took judicial notice of Form 10-K only to show a parent-subsidiary relationship); *In re Harley Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969, 989 n.8 (E.D. Wis. 2009) (considering conference call transcripts and other documents, "several of which [were] partially cited in the Complaint," where plaintiffs did not challenge such consideration); *In re Cree, Inc. Sec. Litig.*, No. 1:03CV00549, 2005 WL 1847004, at *5 n.9 (M.D.N.C. Aug. 2, 2005) (no indication that plaintiff challenged consideration of Form 10-K); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 876, 882, 895 (W.D.N.C. 2001) (no indication that

not take judicial notice of Anixter's SEC filings to decide "factual questions as to the [plaintiff's] claims." *White*, 2009 WL 5205441, at *8. Rather, the Court "must . . . accept all factual allegations in the complaint as true," and may only consider competing inferences "rationally drawn from the facts alleged." *Tellabs*, 551 U.S. at 314, 322.

Further, while "a court may take 'judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain,'" it may ***not*** consider them, as defendants suggest, "'for the proof of the facts stated therein.'" *George*, 2009 WL 4884027, at *8; *Riggs Partners, LLC. v. Hub Group, Inc.*, No. 02 C 1188, 2002 WL 31415721, at *1 (N.D. Ill. Oct. 25, 2002) ("[T]he court may take judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain, but ***not*** for the proof of the facts stated therein."). SEC filings "should be considered ***only*** for the purpose of determining what statements the documents contain, ***not*** to prove the truth of the documents' contents." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996).

For the same reasons stated in §II., *supra*, here, the accuracy of Anixter's SEC filings can "reasonably be questioned" and is "subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, the only facts "capable of accurate and ready determination," absent discovery, are what statements the documents contain and when they were filed. *Id.*

---

plaintiffs challenged consideration of SEC filings referred to in the complaint); *Stavros v. Exelon Corp.*, 266 F. Supp. 2d 833, 849 (N.D. Ill. 2003) (same); *In re Hall, Kinion & Assocs., Inc., Sec. Litig.*, No. C 99-02943 WHA, 2000 WL 1639503, at *1 (N.D. Cal. Oct. 27, 2000) (consideration of documents subject to judicial notice was "not contested by plaintiff").

- 12 -

## IV. CONSIDERATION OF DEFENDANTS' OFFENDING EXHIBITS CONVERTS THEIR MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT

For the reasons set forth above, the Court should strike defendants' offending exhibits from their motion to dismiss. Should the Court choose to consider these exhibits, however, "it must treat the motion as one for summary judgment" and provide plaintiff the opportunity to conduct discovery. *Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002); Fed. R. Civ. P. 12(d); *see also Panera Bread*, 2009 WL 1812829, at *2 (in securities fraud case, the court converted defendants' motion to dismiss into one for summary judgment in order to consider a stock price chart, press releases, conference call transcripts and Forms 4 attached to defendants' motion to dismiss).

## V. CONCLUSION

For the reasons discussed above, plaintiff respectfully requests that the Court strike defendants' offending exhibits, facts and arguments from their motion to dismiss, or, in the alternative, convert defendants' motion to dismiss into one for summary judgment and allow for discovery.

DATED: April 19, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SARAH R. HOLLOWAY


_____
      s/ Sarah R. Holloway
      SARAH R. HOLLOWAY

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

518100_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

LASKY & RIFKIND, LTD.
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL 60610
Telephone: 312/634-0057
312/634-0059 (fax)

Liaison Counsel

- 14 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 19, 2010.

s/ Sarah R. Holloway
SARAH R. HOLLOWAY

ROBBINS GELLER RUDMAN
    & DOWD LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:sholloway@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-05641

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David J. Bradford**
  dbradford@jenner.com,docketing@jenner.com
- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com
- **Sarah R. Holloway**
  sholloway@csgrr.com
- **Leigh R. Lasky**
  lasky@laskyrifkind.com
- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com
- **Amelia Susan Newton**
  newton@laskyrifkind.com
- **Norman Rifkind**
  rifkind@laskyrifkind.com
- **Marc David Sokol**
  msokol@jenner.com,whughes@jenner.com,docketing@jenner.com
- **Howard Steven Suskin**
  hsuskin@jenner.com,docketing@jenner.com
- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us
- **Heidi E. VonderHeide**
  vonderheide@laskyrifkind.com
- **Daniel J. Weiss**
  dweiss@jenner.com,docketing@jenner.com
- **Debra J. Wyman**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com,nhorstman@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`